(42 South. 949.)

No. 16,268.

WEAVER v. SCHUMPERT.

(Jan. 7, 1907. Rehearing Denied Feb. 4, 1907.)

1. JUDGMENT — ACTION ON JUDGMENT RENDERED IN ANOTHER JURISDICTION.

This was a suit for a decree to have a judgment of a court of another jurisdiction made executory under the laws of this state.

2. SAME—NOT FINAL.

There were four defendants. The judgment did not decide the cause against all defendants (originally). No decree was entered against two of the defendants.

Under the laws of Texas, as expressed in decisions of the court of last resort of that state, a judgment must dispose of the cause against all defendants; otherwise, judgment is not final.

The judgment was not executory.

3. SAME—MOTION TO AMEND AND CORRECT.

Several years afterwards (after the suit had been brought in this state to have the judgment decreed executory, after issue joined, and after the question of the want of finality of the judgment had been raised), by motion before the district court in Fannin county, Tex., the plaintiff obtained a decree "amending, correcting, and completing" the judgment rendered, so as to establish that originally the case had been entirely disposed of, by dismissing from the cause two of the defendants, on the ground that they were actually and notoriously insolvent, but that the clerk of court, through oversight, had failed to make the entry. The judgment was amended nunc pro tunc.

4. SAME — NO SERVICE OF MOTION AS REQUIRED.

Under the laws of Texas amendments may be made after notice to parties in interest. In this case there was no legal service. The service of the motion was made by a nonofficial person. The amendment was not made as required. Notice is jurisdictional.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by T. F. Weaver against T. E. Schumpert. Judgment for defendant, and plaintiff appeals. Reversed, and action dismissed.

Herndon & Herndon, for appellant. Alexander & Wilkinson, for appellee.

BREAUX, C. J. Plaintiff, owner of a judgment for $2,992 and $5,500 and interest, seeks to have it decreed executory against the defendant.

The claim of plaintiff is that he obtained this judgment against defendant in August, 1903, for the sum above mentioned before a court of competent jurisdiction, and that he was entitled to have it executed in this state.

Defendant controverts plaintiff's right on the ground of fraud, and perjury committed, he alleged, by plaintiff, through which he succeeded in obtaining judgment. Defendant also sets up that the judgment was not final in Texas; that it has not been rendered against all the defendants sued; that the judgment was ultra petitum; that the court had no jurisdiction.

The foregoing sufficiently states for the purpose of the discussion the nature of plaintiff's demand and of defendant's defense.

The facts are that the suit was brought in Texas for debt and foreclosure ordinaria on vendor's lien notes.

In the petition on which plaintiff obtained judgment in Texas, he alleged, in substance, that on the 7th day of July, 1902, the "Gladys Oil Company" executed three promissory notes for value received in the sum of $2,500, and payable January 1, 1903, signed by defendant and C. W. Hardy as sureties; another note for a like sum, payable March 1, 1903; and another note for $3,000, payable July 7, 1903.

These notes were given for part of the purchase money of two certain tracts of land in

WEAVER v. SCHUMPERT.

Liberty county, Tex. It appears that E. T. Beal, one of the parties defendant in the original suit, agreed with plaintiff that he would secure him against all loss in the transaction. He was, in other words, a guarantor. He and Hardy were made defendants in the case in Texas.

Plaintiff obtained judgment against defendants, the "Gladys Oil Company," of Beaumont, for the sum of $5,500, principal on notes 2 and 3.

The judgment rendered decreed that the defendant company, the Gladys Oil Company, and T. E. Schumpert, jointly and severally pay the sum of $2,500 principal as in note 1. The judgment did not dispose of the cause as to C. W. Hardy and E. T. Beal, two of the defendants sued in the same petition.

We are informed by the decision of the Supreme Court of Texas that the judgment must dispose of the cause as against all defendants before a judgment becomes final.

Upon this petition the court in Texas decreed in favor of the foreclosure prayed for, and instructed the clerk to issue an order of sale, directing the proper officer to seize and sell the property and apply the proceeds to the payment of $6,775.11 (the amount of $5,500 having increased), said sum being the amount due on the last two notes; and the court decreed, further, that the balance of the proceeds of sale were to be applied to the payment of $2,992.50, amount of principal, interest, and attorney's fees, due on the first note executed by the Gladys Oil Company and defendant, which these last-named debtors had been condemned to pay.

The land was sold October 6, 1903, in accordance with the terms of the judgment, and adjudicated to the plaintiff for the sum of $1,588. All of the property of the Gladys Oil Company, at the instance of plaintiff, was sold. The Gladys Oil Company was the principal, and the other parties to the indebtedness were the surety.

On the trial of the case now before us for decision plaintiff offered in evidence the transcript and judgment in the suit of Weaver v. Schumpert, in the state of Texas, to which defendant objected, and urged as a ground for the objection that it was an attempt on the part of plaintiff to cure by subsequent proceedings, had in Fannin county, Tex., the original judgment rendered, which on its face, under the laws of Texas, did not dispose of the claim of all the parties before the court.

After the land on which plaintiff held a mortgage and vendor's lien to secure payment of his notes had been sold, and after the suit had been filed here to make the judgment executory, and the defendant had interposed the different defenses before mentioned, plaintiff, in order to meet the issues raised, filed a motion in the court in Fannin county, Tex., to amend and complete its judgment, ordered on August 14, 1903, and dismissing from the cause C. W. Hardy and E. T. Beal on the ground that they were insolvent.

It is also made to appear by the evidence in this suit before us that a notice of some sort of this motion filed before the court was served at Shreveport, La., by the junior member of the plaintiff firm, and not by an officer.

Defendant testified that he never received notice of the judgment in the state of Texas officially.

The judgment, as amended, states that the court originally found that Hardy and Beal had been dismissed from the cause on the ground that they were actually and notoriously insolvent, and that the order and judgment were by mistake or oversight omitted, and not entered of record in the minutes of the Texas court.

In accordance with the order of the court, the Texas judgment was amended, and Hardy and Beal were dismissed from the cause, the dismissal to take effect in August, 1903.

From an adverse judgment, plaintiff appealed.

On the way to a conclusion in this suit, points we deemed necessary to decide were considered in inverse order from that followed in the proceedings and in the arguments at bar and in briefs.

The supplemental proceedings had before the district court of Fannin county, Tex., to amend, correct, and complete the judgment that was pronounced on the 4th day of August, 1903, was first taken up, it gave rise to earnest discussion.

It seems that two years after a judgment has been rendered the courts of Texas have the discretion to allow the pleading to be amended, and to make final a judgment that was not previously absolutely final.

It is stated in the last judgment, amending the first, that in the first judgment, to which this last one is an amendment, the defendants Hardy and Beal were dismissed from the case for reasons just before stated, but that the order was by mistake or oversight omitted, and not entered of record in the minutes of the court by the clerk. The court then decreed that the order and judgment dismissing the defendants before named from the cause be entered.

All the supplemental proceedings were had after the suit had been brought in this state and with issue joined.

We have already stated how the notice of motion to amend the judgment was served by an unofficial party. Here no service of judicial proceedings can be made by an unofficial person. No judgment can be rendered on such a notice.

There is no evidence before us to prove how a notice may be served in Texas.

As relates to judicial proceedings in states where the common-law system prevails, Enc. of P. & P. vol. 19, p. 591, is authority for the statement that a competent person may be appointed to serve process, but that the authority to thus appoint depends upon the terms of the statute authorizing the appointment.

"No one can be allowed to fill the room of a public officer except under statutory provision." Gadsby v. Stimer, 79 Mich. 260, 44 N. W. 606.

If there is a statute upon the subject in Texas, it has not been introduced in evidence.

We have seen that the service was made by the junior counsel of plaintiff. The authority first cited above states:

"The attorney for plaintiff has been considered a person interested in the suit and is to be disqualified from serving process." Id.

Of course, in this instance the party is entitled to full credit. That is not the question. The only question is whether the rule applies to all attorneys.

Again, in the same work, we find the following:

"Where a private person is appointed to make service of process, his authority must be properly indorsed on the process, else such service will confer no jurisdiction on the court." Id. 594.

The record does not disclose that this was done.

It is important that notice be duly served, and that prompt return thereof be properly made.

We conclude that, considered under the cited authorities from other jurisdictions or considered in the light of the laws of this state, no service was ever made as required.

Defendant's contention in the second place is, as relates to this service, that, even if it be not the required service, the original tribunal in which the proceedings were instituted was originally vested with jurisdiction of the cause by personal service, and that, in consequence, the court had jurisdiction to the end of the suit, including the execution of the judgment.

We can only say in answer that, if there was necessity for the service on the part of defendant in order to render the judgment final, it meant a legal service, in order that the court might be invested with jurisdiction in matter of this amendment.

Over two years have elapsed. Sessions of court must have been held. It does seem that a party defendant cannot be thus retained within the jurisdiction of the court, without legal notice of a motion to amend and correct the judgment, and without legal notice the amendment could not be made. Notice is jurisdictional.

The next ground of defense is that the remedy of defendant in the Texas proceedings is by appeal from the judgment rendered against him.

To this ground an easy answer suggests itself, to wit, not if the question was jurisdictional.

If there was an absolute want of notice where notice was essential, it was not a collateral issue, but one of which the defendant could avail himself in defending against the action to render the judgment executory.

This, in the order of the issues before stated, brings us to a consideration of the question whether the judgment sued upon was final at the time the suit was brought.

We have arrived at the conclusion that the judgment was not final.

We take the law as laid down in a decision of the Supreme Court of Texas as authoritative:

"Where a suit is brought against several persons, the judgment must dispose of the cause against all of the defendants; otherwise, it is not considered final."

We have no decision before us contrary to the following:

"In a suit against two defendants, a judgment in favor of plaintiff and against one of the defendants, the record not showing any disposition of the cause as to the other defendant, is not a final judgment, from which an appeal lies." Pacific R. R. Co. v. Winfield Scott, 78 Tex. 360, 14 S. W. 791.

It appears at this time that the least that can be done is to dismiss the suit, as in case of nonsuit.

We have decided the case on the ground before stated.

We are not satisfied on the face of the

papers of the finality of the judgment; for the reason, in addition to those before stated, that the original judgment of the court of Texas is not signed. The supplemental judgment is signed by the court.

The evidence does not show that under the laws of Texas an unsigned judgment is effective. Under our law it has no effect. We take it in accordance with jurisprudence that the law of Texas upon the subject is similar.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that a judgment is hereby entered dismissing plaintiff's action as in case of nonsuit, plaintiff to pay the costs of appeal, and the appellant to pay the costs in the district court.