This is an appeal from the superior court of Grand Rapids where a woman of 52 seeks a divorce from a husband of 55 after living together for 26 years, each accusing the other of extreme *Page 616 
cruelty. It is needless to specify the particular facts. Each of the parties had considerable illness and much of their trouble may have been caused by that fact. They had no living children, and, like many childless marriages, it was an unhappy one. No serious criminal acts are charged by either.
On account of their unhappiness the husband sought relief in amateur photography, and the wife found her only consolation in her church relations, and the amenities of her lodge, in which she had attained the post of worthy matron. Marriage is a status in which the State is interested in enforcing, when necessary, the rights of each of the parties, and the protection of the public. It is fortunate in this case that there are no children to be injuriously affected.
 This court in the recent case of Ritzer v. Ritzer, 243 Mich. 406, has clearly expressed the power and duty of the State and the marriage obligations of the parties. Justice COOLEY in Hoff
v. Hoff, 48 Mich. 281, said:
"A proper administration of justice does not require that courts shall occupy their time * * * in giving equitable relief to parties who have no equities. And it is as true of divorce cases as of any others that a party must come into a court of equity with clean hands. Divorce laws are made to give relief to the innocent, not to the guilty."
 Justice CAMPBELL in the case of Cooper v. Cooper, 17 Mich. 205
(97 Am. Dec. 182), rendering the opinion of the court, said:
"The law does not permit courts to sever the marriage bond, and to break up households merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to *Page 617 
submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable. Our statutes do not confine such cruelty to mere physical violence, which is by no means the worst injury that can be inflicted on persons of refined sensibility, but the grievance, of whatever kind, must be of the most aggravated nature to justify a divorce."
We think that in the instant case the circuit court was right, in view of the record, in finding the situation of these parties intolerable. It would serve no useful purpose to state the mutual charges of the parties against each other. The judge who heard the case made an equitable decision on the questions of property and alimony. The wife should have a home and the title should be perfected by payment by the husband of the balance due on the contract for its purchase and the taxes now due. The wife has no means of her own and no income. The husband has a good business and can readily meet the requirements of the case.
The decree is affirmed, with costs to appellee.
McDONALD, C.J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. *Page 618