BRAFFETT *v.* BRAFFETT.

1. DIVORCE—ALIMONY—DEATH—COMMON LAW.
   At common law, proceedings to enforce alimony abate on the death of either party.

2. SAME—ALIMONY—STATUTES.
   The authority to award alimony depends upon statutory law.

3. SAME—DEATH OF HUSBAND—JURISDICTION—ALIMONY—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.
   Notwithstanding the death of the husband, a court has jurisdiction to award permanent alimony, order payment of money for the support of his child, and modify decree as to alimony (3 Comp. Laws 1929, §§ 12745, 12747, 12748).

4. SAME—STATUTES—DOWER—ALIMONY—DEATH OF HUSBAND.

> Prior to the enactment of statute requiring that a decree of divorce contain a provision in lieu of wife's dower, a divorced wife was entitled to alimony payments from the estate of her deceased former husband (3 Comp. Laws 1929, §§ 12745, 12747, 12748, 12766).

5. STATUTES—PRESUMPTIONS.

> Laws are assumed to be enacted by the legislative body with some knowledge of and regard to existing laws upon the same subject and decisions by the court of last resort in reference to them.

6. SAME—REPEALS BY IMPLICATION.

> The law does not favor repeals by implication, there is no presumption of repeal in such manner, and repeal in such a manner is not permitted if it can be avoided by any reasonable construction of the statutes.

7. SAME—CONSTRUCTION—RECONCILIATION OF STATUTES.

> If by any reasonable construction two statutes can be reconciled and a purpose found to be served by each, both must stand as it is the duty of the courts to reconcile statutes if possible and enforce them.

8. SAME—LATER STATUTES CONSTRUED AS SUPPLEMENTARY OF FORMER.

> The courts will regard all statutes on the same general subject as part of one system and later statutes should be construed as supplementary to those preceding them.

9. DIVORCE—STATUTES—ALIMONY—DOWER.

> The object of the statute requiring that decree of divorce contain a provision in lieu of dower is to make it mandatory for the trial court to dispose of the matters of divorce, alimony and property together (3 Comp. Laws 1929, § 12766 *et seq.*).

10. SAME—STATUTES—DOWER—ALIMONY—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.

> The statute requiring that decree of divorce contain a provision in lieu of dower is a new act which did not repeal previously-existing statutes conferring authority upon chancery court to award alimony, impress a lien upon husband's estate therefor or for allowance for support of minor children and to modify decree as to alimony or the maintenance of such minors (3 Comp. Laws 1929, §§ 12745, 12747, 12748, 12766).

11. SAME—ALIMONY—MODIFICATION OF DECREE—DEATH OF HUS-
BAND.

    The chancery court has the power to modify and revise provi-
        sions for alimony in a decree, whether accrued or for future
        obligations, and the death of the husband may create a
        situation where the decree for alimony should be modified
        (3 Comp. Laws 1929, § 12748).

12. SAME—ALIMONY CLAIMS AGAINST ESTATES OF DECEDENTS—CON-
TINGENT CLAIMS.

    An award of alimony is a valid claim against the estate of the
        deceased husband for accrued unpaid alimony where decedent
        in his lifetime took no steps to modify decree in such respect,
        hence the probate court properly allowed claim for accrued
        alimony and, in absence of any action taken by the repre-
        sentative of the estate to modify the decree, the action of
        the probate court in making provision for the payment of
        future alimony by holding the estate open and retaining funds
        in it to safeguard the contingent claim was also proper
        (3 Comp. Laws 1929, § 12748; Act No. 288, chap. 8, §§ 25,
        27, Pub. Acts 1939).

Appeal from Oakland; Hartrick (George B.), J.
Submitted January 7, 1944. (Docket No. 92, Calen-
dar No. 42,628.) Decided April 4, 1944.

In the matter of the estate of John W. Braffett,
deceased. Grace K. Braffett filed her claim on ac-
count of alimony accrued and to accrue. Claim al-
lowed in part. The executrix of the estate appealed
and plaintiff cross-appealed. From order allowing
claim for accrued alimony and requiring the estate
to be held open until the circuit court in chancery
determines the amount of alimony to accrue in the
future which the estate should pay, claimant ap-
peals. Affirmed.

*Frank N. Renaud,* for plaintiff.

*Thomas F. Chawke,* for defendant.

SHARPE, J.  Grace K. Braffett and John W. Braffett were divorced in November, 1934.  The decree of divorce provided:

"It appearing that the said defendant, John W. Braffett, has heretofore released and conveyed unto the said plaintiff, Grace K. Braffett, all his right, title, and interest in and to the real estate formerly occupied by the said parties, and hereinafter described; and has agreed to pay to the said plaintiff the sum of $125 per month for and during the natural life of the said plaintiff as permanent alimony; and

"It appearing that the said settlement is a fair and equitable one:  * * *

"It is further ordered, adjudged and decreed that the said defendant, John W. Braffett, shall pay to the said plaintiff, Grace K. Braffett, the sum of $125 per month beginning the 1st day of December, A.D. 1934, and each and every month thereafter during the natural life of the said plaintiff unless the plaintiff shall remarry, and in the event of her remarriage the said payments shall terminate; said payments to be made through the clerk of the court, county of Oakland, State of Michigan, or as the parties may hereafter agree."

John W. Braffett remarried and died testate on the 11th day of June, 1942.  At the time of his death he was in arrears for alimony in the sum of $1,350.  No proceedings were taken during the lifetime of John W. Braffett to have the decree modified, nor has Grace K. Braffett remarried.

Subsequent to the death of John W. Braffett, Grace K. Braffett, claimant herein, filed her claim in the probate court against the estate of John W. Braffett for alimony due and unpaid prior to the death of the deceased in the amount of $1,350 and

for alimony for and during her natural life in the amount of $28,183 which contingent claim is based upon a contribution of $125 a month for claimant's life expectancy of 18.79 years.

The probate court allowed the claim of $1,350 as a liquidated claim against the estate and entered the following order:

"That the claimant has a contingent claim against this estate for alimony subsequent to the date of death of the testator, the amount of which is to be determined solely by the circuit court in chancery which retains jurisdiction, and

"In view of the fact that the circuit court may allow the alimony order to continue for an unascertained time this court, in order to protect such contingent claim under chapter 8, §§ 25, 27, of the probate code (Act No. 288, Pub. Acts 1939) *, orders the estate to be held open and sufficient funds retained in it to safeguard the future payments to be made, based on the present alimony rate and the total life expectancy of the claimant according to the mortality tables."

The cause was appealed to the circuit court and the trial judge affirmed the order of the probate court. Claimant appeals and urges that the divorce decree was a consent decree; that the property settlement of the parties was embodied in the decree; that she has an absolute right to a judgment in the circuit court directing the estate to pay her such sum for the rest of her life or until she remarries; and that the probate court has sole jurisdiction of the claims against the estate of John W. Braffett.

At common law, proceedings to enforce alimony abate on the death of either party. The authority to award alimony depends upon statutory law.

---

* See Comp. Laws Supp. 1940, §§ 16289-8 [25], 16289-8 [27], Stat. Ann. 1943 Rev. §§ 27.3178 [435], 27.3178 [437]).—REPORTER.

In *Seibly* v. *Ingham Circuit Judge,* 105 Mich. 584, we held that the death of the husband does not oust the court of jurisdiction to award permanent alimony. This holding was based on How. Stat. §§ 6245, 6247.

In *Creyts* v. *Creyts,* 143 Mich. 375 (114 Am. St. Rep. 656), we held that a provision in a decree of divorce against a husband for the payment of a certain sum monthly, until the further order of the court, for the support of an infant child is not discharged by the death of the husband. The law in effect at this time was 3 Comp. Laws 1897, §§ 8640, 8641.

In *Maslen* v. *Anderson,* 163 Mich. 477, a decree of divorce was granted the wife and alimony was given to her payable monthly *as long as she should live and remain unmarried.* Later Mr. Anderson died and the executor of his estate attacked the divorce decree in the chancery court. We there said: "We are satisfied with the decree of the court below, in so far as it deals with the subject of alimony to be paid to Louisa A. Anderson (wife)."

In *Pingree* v. *Pingree,* 170 Mich. 36, we held that by virtue of 3 Comp. Laws 1897, §§ 8638, 8640, 8641, an equity court has jurisdiction to modify a decree of divorce awarding alimony payable in instalments, after the death of the defendant husband, so as to grant a gross sum out of the estate of the deceased in lieu thereof.

It is to be noted that the statutes above referred to still exist and, with the exception of How. Stat. § 6247, have not been modified since the decision in the *Seibly Case, supra.* They are a part of the general laws relating to divorce. 3 Comp. Laws 1929, § 12745 (Stat. Ann. § 25.103), which was How. Stat. § 6245, 3 Comp. Laws 1897, § 8638; 3 Comp. Laws 1929, § 12747 (Stat. Ann. § 25.105), which was How. Stat. § 6247, as amended by Act No. 197, Pub. Acts

1897, being 3 Comp. Laws 1897, § 8640; and 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106), which was How. Stat. § 6248, 3 Comp. Laws 1897, § 8641.

In 1909, Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1929, § 12766 [Stat. Ann. § 25.131]), was enacted. This act reads as follows:

"Section 1. When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest."

Prior to this act, a divorced wife was entitled to alimony payments from the estate of her deceased former husband. The question now before us is: Does the above act repeal by implication 3 Comp. Laws 1929, §§ 12745, 12747 and 12748?

In *Lenawee County Gas & Electric Co.* v. *City of Adrian,* 209 Mich. 52, 64 (10 A. L. R. 1328), we said:

"Laws are assumed to be enacted by the legislative body with some knowledge of and regard to existing laws upon the same subject and decisions by the court of last resort in reference to them."

In *People* v. *Buckley,* 302 Mich. 12, 22, we said:

"The question of repeal must be considered with the following rules of statutory construction in mind: The law does not favor repeals by implication, *In re Opening of Gallagher Avenue,* 300 Mich. 309; *Sambor* v. *Home Owners' Loan Corp.,* 283 Mich. 529; *In re Reynolds' Estate,* 274 Mich. 354; *Club Holding Co.* v. *Flint Citizens Loan & Investment Co.,* 272 Mich. 66. There is no presumption of repeal by implication, *In re Opening of Gallagher Avenue,*

*supra; City of Detroit* v. *Weil,* 180 Mich. 593; *In re Bushey,* 105 Mich. 64; *People* v. *Thompson,* 161 Mich. 391. Repeal by implication is not permitted if it can be avoided by any reasonable construction of the statutes. *Couvelis* v. *Michigan Bell Telephone Co.,* 281 Mich. 223; *People* v. *Hanrahan,* 75 Mich. 611 (4 L. R. A. 751). If by any reasonable construction two statutes can be reconciled and a purpose found to be served by each, both must stand, *Garfield Township* v. *A. B. Klise Lumber Co.,* 219 Mich. 31; *Edwards* v. *Auditor General,* 161 Mich. 639; *People* v. *Harrison,* 194 Mich. 363. The duty of the courts is to reconcile statutes if possible and to enforce them, *Board of Control of the Michigan State Prison* v. *Auditor General,* 197 Mich. 377. The courts will regard all statutes on the same general subject as part of one system and later statutes should be construed as supplementary to those preceding them, *Wayne County* v. *Auditor General,* 250 Mich. 227. See, also, *Rathbun* v. *State of Michigan,* 284 Mich. 521.''

In *Ritzer* v. *Ritzer,* 243 Mich. 406, we said:

''The object and purpose of the statute of 1909 (Act No. 259, Pub. Acts 1909) was to make it mandatory for the trial court to dispose of the matters of divorce, alimony, and property together.''

The title of the act reads as follows:

''An act to provide that decrees of divorce shall make provision in satisfaction of the claims of the wife in the property of the husband, to change the tenure of lands owned by husband and wife in case of divorce, and to provide for the disposition or partition of such lands or the proceeds thereof.''

In our opinion, the 1909 act does not repeal 3 Comp. Laws 1929, §§ 12745, 12747, and 12748. Section 12745 authorizes the chancery court to decree to the wife such part of the personal estate of the hus-

band and alimony out of his real and personal estate as is just and reasonable. Section 12747 authorizes the chancery court to impress a lien upon the real and personal estate of the husband for the purpose of enforcing a decree providing for the payment of alimony or allowance for the support of minor children. Section 12748 authorizes a chancery court to revise a decree for alimony or the support and maintenance of minor children. The 1909 act provides that in divorce decrees it shall be mandatory for the chancery court to include a provision in lieu of the dower of the wife in the property of the husband. It does not touch upon the subject of alimony or the support of minor children. It is a new act and in no way repeals any of the above sections.

Claimant urges that under the circumstances of the case at bar the probate court has jurisdiction to pass upon the claim for alimony presented to it.

We recognize the jurisdiction of the probate court to pass upon claims properly allowable by that court, but in *Loomis* v. *Loomis,* 273 Mich. 7, we held that the chancery court has the power to modify and revise provisions for alimony, whether accrued or for future obligations. The death of a husband may create a situation where the decree for alimony should be modified. The burden of having such a decree modified rests upon the party objecting to the amount of alimony previously determined.

In *Martin* v. *Thison's Estate,* 153 Mich. 516 (18 L. R. A. [N.S.] 257, 126 Am. St. Rep. 537), we said:

"As the defendant did not seek to have it (decree) modified in his lifetime, and as no showing was made why the instalments which had accrued between the date of the decree and the marriage of the claimant should not be paid in full, we think the judge did not err in directing a verdict for the amount."

In the case at bar, the deceased took no steps to have the divorce decree modified, nor do we find that

the representative of his estate took any action to have the decree modified. In the absence of any action taken to modify the decree, the probate court may allow the claim for accrued alimony and make provision for the payment of future alimony by holding the estate open and retaining funds in it to safeguard the contingent claim.

The judgment is affirmed, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, and REID, JJ., concurred with SHARPE, J.

BOYLES, J. (*concurring*). I concur in affirmance for the reasons stated herein.

This is a claim against an estate now in probate court and the probate court has original jurisdiction over it. Act No. 288, chap. 8, Pub. Acts 1939 (probate code) (Comp. Laws Supp. 1940, § 16289–8 [1] *et seq.*, Stat. Ann. 1943 Rev. § 27.3178 [411] *et seq.*). It is not within the province of a court of equity to allow or disallow claims against the estates of deceased persons, especially after the subject has been entered upon by the probate court. *In re Estate of Jeffers*, 272 Mich. 127. In general, this is also true as to *contingent* claims against the estate of a deceased person. Probate code, *supra*, chap. 8, § 25 (Comp. Laws Supp. 1940, § 16289–8 [25], Stat. Ann. 1943 Rev. § 27.3178 [435]). There is an exception as to the finality of allowing a contingent claim for future alimony, as will be noted later herein. Appellant Grace K. Braffett's claim for $1,350 *accrued* alimony stands unmodified and unchanged by the circuit court in chancery which has jurisdiction over the divorce decree now in question. A similar situation was before this court in *Martin* v. *Thison's Estate*, 153 Mich. 516 (18 L. R. A. [N.S.] 257, 126 Am. St. Rep. 537), where a claim was filed in pro-

bate court for accrued alimony and this court held (syllabus):

"An award of alimony is a valid claim against the estate of claimant's divorced husband, deceased, for the time elapsing between the date of the decree and the subsequent remarriage of claimant, where decedent in his lifetime took no steps for a modification of the award."

In that case in affirming the judgment of the circuit court for the claimant, the court said:

"It will be observed that the statute refers to 'all claims and demands of all persons against the deceased.' We think it very clear that the decree obtained by the claimant constituted a claim or demand against the deceased. As the defendant did not seek to have it modified in his lifetime, and as no showing was made why the instalments which had accrued between the date of the decree and the marriage of the claimant should not be paid in full, we think the judge did not err in directing a verdict for the amount."

In the case at bar appellant's claim for $1,350 for accrued alimony has been properly allowed in the probate court as a claim against the estate. No appeal or cross-appeal from this allowance has been taken either by the claimant or the estate. It must stand as a claim allowed. But Grace K. Braffett insists that the circuit court should have allowed her contingent claim for $125 per month "so long as she lives and does not remarry;" and appeals from that part of the order of the circuit court which provides:

"It is further ordered, adjudged and decreed that the contingent claim filed by said claimant against the said estate for alimony subsequent to the decedent's death is a matter to be determined solely by the circuit court in chancery, which retains jurisdiction,

and that the estate be held open and sufficient funds retained therein to safeguard the claim, in the event that the circuit court in chancery should decree that said estate is liable to claimant for alimony payments subsequent to decedent's death.''

She argues:

''That the judgment of the circuit court covering her claim from the date of the death of John W. Braffett be reversed and that a judgment be entered in her favor on said claim for the sum of $125 per month for her natural life unless she remarries and that said cause be remanded to the circuit court for Oakland county with directions to enter the same.''

We are not in accord with her claim in that regard. While the allowance of her accrued and liquidated claim against the estate for $1,350 was properly allowed, and now stands unappealed, it is still within the province of the circuit court in chancery which has jurisdiction in her divorce case to change or modify its decree for payment of alimony ''so long as she lives and does not remarry.''

''Equity has jurisdiction to modify a decree of divorce awarding alimony in instalments after the death of the defendant husband, so as to grant a gross sum out of the estate of the deceased in lieu thereof.   3 Comp. Laws (1897), §§ 8638–8641.'' *Pingree* v. *Pingree* (syllabus), 170 Mich. 36.

See, also, *Creyts* v. *Creyts,* 143 Mich. 375 (114 Am. St. Rep. 656).

The circuit court on the appeal from the probate court held that appellant's claim for alimony subsequent to the decedent's death must stand as a contingent claim against the estate, subject to the jurisdiction of the circuit court in chancery in the divorce case, and that the estate in probate court be held open and sufficient funds retained to safeguard the contingent claim.   Any further action to change or

modify the chancery decree which may affect the contingent claim must come from the circuit court in chancery in the divorce case.

The judgment should be affirmed, with costs to appellee.

NORTH, C. J., and STARR, and BUTZEL, JJ., concurred with BOYLES, J. •