LABARGE *v.* LABARGE.

1. DIVORCE—DEATH OF HUSBAND—PERMANENT ALIMONY.
Where husband during his lifetime and his legal representative after his death have taken *no action* to have decree of divorce modified as to provision for permanent alimony, the probate court may allow a claim for accrued alimony and make provision for payment of future alimony by holding the estate open and retaining funds to safeguard the contingent claim.

2. SAME—DEATH OF HUSBAND—CONTINUANCE OF PERMANENT ALIMONY.
The chancery court has power to continue payments of permanent alimony after the death of the husband out of his estate.

Appeal from Superior Court for the City of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 5, 1945. (Docket No. 2, Calendar No. 42,906.) Decided October 8, 1945.

Divorce proceedings by Ethelyn A. LaBarge against Sidney H. LaBarge. Petition by plaintiff to amend decree so as to provide for payment of a lump sum for alimony to be payable out of the estate of the deceased defendant. Cross petition by Beatrice S. LaBarge, individually and as executrix of the estate of Sidney H. LaBarge, deceased, to have payments of alimony after 29th day of March, 1943, cease. Decree dismissing plaintiff's petition. Plaintiff appeals. Reversed and remanded for determination on merits.

*Annis & Cooper,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendants.

SHARPE, J. Ethelyn A. LaBarge and Sidney H. LaBarge were divorced in January, 1933. The decree of divorce provided:

"And it is further ordered, adjudged and decreed that said defendant, Sidney H. LaBarge, shall pay to the clerk of this court as and for permanent alimony and support money for the benefit of said plaintiff, Ethelyn A. LaBarge, the sum of $5 per week, to be paid on Monday of each week, commencing Monday, January 23, 1933, said payments to continue until the decease of said plaintiff or her earlier remarriage.    *    *    *

"And it is further ordered, adjudged and decreed that upon the payment of said several sums of money hereinbefore ordered to be paid by said defendant, and the delivery of proper instruments of conveyance of the real estate and personal prop-

erty hereinbefore described to said plaintiff, same shall stand in lieu of the dower rights of said plaintiff, Ethelyn A. LaBarge, in the property of her husband, Sidney H. LaBarge, and which said payments when made shall be in full satisfaction of all claims that she, the said Ethelyn A. LaBarge, may have in any property which her husband, said Sidney H. LaBarge, now owns, or may hereafter own, or in which he may have any interest."

Sidney H. LaBarge married Beatrice S. A. LaBarge in May, 1939. He died testate April 16, 1943. At the time of his death, he was in arrears approximately $15 for permanent alimony. The will of Sidney H. LaBarge was allowed to probate and his widow, Beatrice S. A. LaBarge, was appointed executrix of his estate. An order was entered in said estate setting the time for hearing claims as of July 8, 1943.

In May, 1943, plaintiff, Ethelyn A. LaBarge, filed a bill of complaint in the superior court of Grand Rapids, in chancery, in which the following relief was sought:

"C. 'That this court grant this plaintiff such lump sum in cash from the estate of her former husband, Sidney H. LaBarge, as shall be equitable and just in fulfillment of the award granted this plaintiff in the aforesaid decree of divorce.

"D. That this court order such sum to be paid out of the estate of the deceased, if sufficient, giving priority thereto over all other claims against the estate, and provide that such sum so ordered to be paid constitute a lien on the estate of said deceased."

Defendants filed a cross bill with their answer and asked that the divorce decree be modified to provide that all payments after March 29, 1943, cease; and that it be decreed the estate is under no further obligation under the divorce decree.

The will of Sidney H. LaBarge dated August 23, 1935, gave all of his estate to Beatrice S. A. Bohn, now his widow, and named her executrix. He executed a codicil to the will March 21, 1939, which provided that said will "shall include the inheritance from my father's estate and also that which I inherit from the estate of my cousin, Carrie R. Heaton, according to her will."

The cause came on for hearing and the trial court dismissed plaintiff's bill of complaint, holding "that the court has no power to continue the payments of permanent alimony out of the estate of the deceased."

In *Braffett* v. *Braffett,* 308 Mich. 506, we discussed the question involved in the present case. We there held that in the failure of the deceased during his lifetime or the representative of his estate to take any action to have a divorce decree modified, the probate court may allow the claim for accrued alimony and make provision for the payment of future alimony by holding the estate open and retaining funds to safeguard the contingent claim.

In the case at bar the trial court did not dispose of the cause on its merits. The court was in error in holding it had no power to continue the payments of permanent alimony.

The cause is reversed and remanded to the trial court for a determination of the merits of plaintiff's bill of complaint and the cross bill. Plaintiff may recover costs.

Starr, C. J., and North, Butzel, Bushnell, Boyles, and Reid, JJ., concurred. The late Justice Wiest took no part in the decision of this case.