LaBarge *v.* LaBarge.

1. Divorce—Death of Husband—Permanent Alimony.

 Where husband during his lifetime and his legal representative after his death have taken no action to have decree of divorce modified as to provision for permanent alimony, the probate court may allow a claim for accrued alimony and make provision for payment of future alimony by holding the estate open and retaining funds to safeguard the contingent claim.

2. Same—Change of Circumstances—Modification of· Decree—Alimony.

 Showing made as to substantial changes in plaintiff wife's financial circumstances since entry of decree of divorce some 10 years previously, resulting in advantage to plaintiff, *held,* sufficiently satisfactory to justify modification of decree terminating payment of $5 weekly as alimony as of date of death of former husband (3 Comp. Laws 1929, § 12748).

3. Same—Death of Husband—Alimony.

 The death of the husband may create a situation where the decree for alimony should be modified.

Appeal from Superior Court for City of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 4, 1946. (Docket No. 12, Calendar No. 43,351.) Decided September 11, 1946.

Divorce proceedings by Ethelyn A. LaBarge against Sidney H. LaBarge. Petition by plaintiff to amend decree so as to provide for payment of a lump sum for alimony to be payable out of the estate of deceased defendant. Cross petition by Beatrice S. LaBarge, individually and as executrix

of the estate of Sidney H. LaBarge, deceased, to have alimony stopped on March 29, 1943. Decree for defendants. Plaintiff appeals. Affirmed.

*Annis & Cooper,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendants.

BOYLES, J. Ethelyn A. LaBarge and Sidney H. LaBarge were divorced in 1933 in the superior court for Grand Rapids, in Kent county. The decree was affirmed by this court in *LaBarge* v. *LaBarge,* 264 Mich. 615. Among other things, the decree required the defendant to pay $5 per week as permanent alimony until the remarriage or decease of the plaintiff. The defendant Sidney H. LaBarge died April 16, 1943, having made all alimony payments up to within three weeks of his death. About a month after his death Ethelyn A. LaBarge filed a bill of complaint in the superior court for Grand Rapids asking the court to grant her a lump sum in cash from the estate of her deceased husband, Sidney H. LaBarge, and to order the same paid out of his estate. This bill of complaint named Beatrice S. A. LaBarge, sole devisee and legatee under his will, individually, and as executrix of his estate, as the defendant. Said defendant filed an answer and a cross bill asking that the decree of divorce be modified to provide that all payments of alimony cease as of March 29, 1943, and that the estate be decreed to be under no further obligation under the divorce decree. On hearing, the court dismissed the bill of complaint, holding "that the court has no power to continue the payments of permanent alimony out of the estate of the deceased."

That order of dismissal was reversed by this court in *LaBarge* v. *LaBarge,* 312 Mich. 157, and the case remanded for a hearing on the merits of the bill of

complaint and cross bill. We called attention to _Braffett_ v. _Braffett,_ 308 Mich. 506, and said (p. 160):

"We there held that in the failure of the deceased during his lifetime or the representative of his estate to take any action to have a divorce decree modified, the probate court may allow the claim for accrued alimony and make provision for the payment of future alimony by holding the estate open and retaining funds to safeguard the contingent claim."

On the remand, plaintiff's bill of complaint for a lump sum in cash from the estate, and defendant's cross bill for modification of the decree, have been heard in the superior court for Grand Rapids. The judge of that court, upon hearing, found that there had been a material change in conditions in the ten years following the decree, all of which were to the plaintiff's benefit, and entered an order amending the decree so as to provide that all payments of alimony terminate as of the date of Mr. LaBarge's death. Plaintiff appeals, claiming that the court erred in eliminating the payment of any further alimony.

The material part of 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106), provides as follows:

"After a decree for alimony or other allowance, for the wife and children, or either of them, * * * the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof, * * * and may make any decree respecting any of the said matters which such court might have made in the original suit."

There is ample support in this record for the conclusion reached by the superior court for Grand Rapids that changed conditions justify a modifica-

tion of the decree. A satisfactory showing was made in this case of material and substantial changes in plaintiff's financial circumstances since the decree was entered in 1933, resulting in advantage to the plaintiff. Furthermore, as was said in the *Braffett Case, supra,* the death of the husband may create a situation where the decree for alimony should be modified.

Affirmed. Costs to appellees.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.