VAN HALTERN v. VAN HALTERN.

1. DIVORCE—EQUITY—ALIMONY—DEATH.
An equity court has jurisdiction to modify a decree of divorce awarding alimony payable in instalments, after the death of the husband, so as to grant a gross sum out of the estate of the deceased in lieu thereof (CL 1948, §§ 552.27, 552.28, CLS 1956, § 552.23).

2. SAME—ALIMONY—MODIFICATION OF DECREE—REMARRIAGE—DEATH.
Decree of divorce whereby defendant, a doctor, was left with no estate beyond his professional tools, an alimony obligation of $4,000 and $250 per month, as modified after his death some 9 years later, so as to require payment of $875 for period after his death until youngest daughter by such marriage became 18 years old and lump sum payment of $20,000 is not disturbed on administrator's appeal, where subsequent to original decree defendant had amassed a net estate of $35,000 and he and his second wife had a joint estate of $65,000 and latter was left with 3-1/2-year- and 9-months-old children.

3. SAME—MODIFICATION OF DECREE—JURISDICTION.
The combination of death of defendant husband and attainment of age 18 by youngest child of the marriage furnished good reason for judicial review and overhauling of original divorce decree for support of defendant's first wife, where it appears he had later remarried and acquired a substantial estate in his own right and jointly with his second wife.

4. SAME—MODIFICATION OF DECREE—LIEN ON DECEASED HUSBAND'S ESTATE.
Decree amending original decree of divorce, entered some 9 years thereafter and after the husband's death, whereby the administrator of his estate is ordered to make a lump-sum payment

REFERENCES FOR POINTS IN HEADNOTES
[1]  17 Am Jur, Divorce and Separation §§ 702, 790.
[3]  17 Am Jur, Divorce and Separation § 728 et seq.
[5]  17 Am Jur, Divorce and Separation §§ 630, 644, 645.

in lieu of further alimony, is affirmed as to amount, the case being remanded for determination of unresolved effect of such lump-sum award to first wife upon allowance to his widow.

5. Same—Costs—Death—Remand.
    No costs are allowed on appeal and cross appeal from decree modifying decree of divorce after husband's death, where neither party prevails and case is remanded.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 11, 1957. (Docket No. 47, Calendar No. 47,391.) Decided March 5, 1958.

Following decree of divorce providing for substantial alimony payments to Katharyn C. Van Haltern, plaintiff, by Harold L. Van Haltern, which payments together with other payments for support of children were made over a period of years, and following the death of the defendant, the administrator of his estate, Harold B. Euler petitioned for modi-.fication of decree to terminate alimony payments in order to preserve estate for widow, Martha Van Haltern. Decree modified to provide lump sum payment. Administrator appeals and plaintiff crossappeals, each protesting the amount of the payment decreed. Affirmed and remanded.

*Leslie T. Jones,* for plaintiff.

*Glenn C. Gillespie,* for petitioning administrator.

Black, J. Two former wives of the late Dr. Harold L. Van Haltern—one is the widow—vie for the bulk of his estate. Each succeeded, in part, below. Neither is satisfied with the chancellor's effort to provide, out of the estate, for the asserted needs and demands of each. Appeal by one (through the decedent's fiduciary) and cross appeal by the other bring the case here for new judicial effort, an effort

foreordained to be dissatisfactory—as it was in circuit—no matter what our decree may provide.

Dr. Van Haltern's first marriage, to cross appellant Katharyn C. Van Haltern, ended in a decree of divorce, entered 9 years ago by the present chancellor, Circuit Judge H. Russel Holland of the 6th circuit, following an apparently bitter contest on bill and cross bill. The decree made certain provisions for the 2 minor daughters of such marriage and, of concern here, provided:

"Alimony

"It is further ordered, adjudged and decreed that the defendant and cross plaintiff shall pay to the friend of the court for the county of Oakland, for the use and benefit of the plaintiff and cross defendant, the sum of $2,000 forthwith, and an additional sum of $2,000 on January 10, 1949.

"It is further ordered, adjudged and decreed that the defendant and cross plaintiff shall pay to the friend of the court for the county of Oakland, for the use and benefit of the plaintiff and cross defendant the sum of $250 per month, until said plaintiff and cross defendant shall remarry, or until the further order of the court."

The doctor duly complied with the quoted requirements until death intervened June 23, 1956. In the meantime, and a little over a year following entry of the divorce decree, Dr. Van Haltern married the now widow, Martha Van Haltern. Two children were born of this marriage. At the time of hearing of the instant petition the respective ages of such children were 3-1/2 years and 9 months.

When the divorce decree was entered the doctor had no estate beyond his professional tools and equipment. Thereafter, and prior to death, he and the named widow amassed a "joint estate" aggregating about *$65,000 in value.* During the same time his own estate grew so that, quoting the chancellor:

"Hence, there should be a net estate of approximately $35,332.28. There must be paid out of said net amount, cost of administration, attorney fees and widow's allowances."

Following Dr. Van Haltern's death his fiduciary appeared in the original cause and filed the instant petition for modification of the mentioned "alimony" provision. The prayer thereof is that the first wife's apparent claim on the doctor's estate, existing by virtue of the provision for her support, be terminated as of his death. The petition came to due issue and testimonial hearing, followed by opinion and decree relevantly providing:

"3. Katharyn Van Haltern, divorced wife of deceased, shall be paid by the administrator of deceased's estate, the sum of $250 per month for a period of 3–1/2 months from the date of deceased's death until his youngest daughter, Elinor Van Haltern, arrived at the age of 18 years, or $875, and shall be paid the further lump sum of $20,000 by the administrator of deceased's estate in lieu of all further alimony due under the terms of the decree after September 19, 1956."

*First:* The chancellor's guide, and ours in turn, appears in *Braffett* v. *Braffett,* 308 Mich 506, 511, as follows:

"In *Pingree* v. *Pingree,* 170 Mich 36, we held that by virtue of CL 1897, §§ 8638, 8640, 8641,* an equity court has jurisdiction to modify a decree of divorce awarding alimony payable in instalments, after the death of the defendant husband, so as to grant a gross sum out of the estate of the deceased in lieu thereof."

Each of the contending parties finally gets around to wry concession that a situation like this calls for

* See CLS 1956, § 552.23, CL 1948, §§ 552.27, 552.28 (Stat Ann 1957 Rev §§ 25.103, 25.105, 25.106).—REPORTER.

exercise of judicial discretion, guided by principles of equity and permissive purpose of the statutes considered in *Braffett*. Each nevertheless insists with vehemence and some heat that the chancellor abused such discretion by his decree for lump sum retirement of the first wife's claim upon Dr. Van Haltern's estate for the sum of $20,000. On the one hand support need of the first—and older—wife is stressed. On the other, it is pointed out that the younger wife has 2 small children to rear and educate. The first wife points to the greater value of the joint estate and, comparing it with the decedent's net estate, insists that her claim should as a matter of fairness aggregate at least the net amount of the decedent's estate. The second wife, countering, points to undisputed proof that the sum of the joint estate, and of the estate in probate, was amassed since the second marriage and that she should have it all.

We have gone over this appendix of facts with more than passing interest, wondering as we turn pages how and by what means an appellate court might, by deciding each of these disputed issues of fact, improve on the job done below. We find no answer. Instead, looking at the 1948-through-1956 record of this litigation, and bearing in mind that a skilled and experienced circuit judge heard and decided, not only the issues before us but those which, years ago, were vigorously contested between the first wife and Dr. Van Haltern, we conclude that no reason has been shown here for reversal or modification of the present decree or for holding that the chancellor arrived at his conclusion in violation of the duties of judicial discretion. As in *Crooks v. Crooks*, 345 Mich 713, 718, 719, those who litigate domestic relations are advised that:

"We must in all cases cognizable by equity, and this is peculiarly true in divorce and child custody

cases, rely to great extent and as a matter of necessary judicial faith on our trial judges for righteous ascertainment of facts and humane application of equity's conscience. An especially heavy responsibility rests on them. In such domestic relations cases, and because of the chancellor's comparatively better position of on-the-scene judgment, the record brought here should affirmatively and clearly disclose that a different adjustment of property rights, or a variant determination of presented issues that affect personal welfare, is in order before we undertake a new decree."

It is said that the fiduciary has not sustained the burden of proving right to modification of the original decree (see *Welsh* v. *Welsh,* 346 Mich 292). We need not discuss the point at length since the combination of the doctor's death and attainment of age 18 by his youngest child (by the first marriage) furnished good reason for judicial review and overhauling of the original decretal provision for support of the first wife.

*Second:* One question remains. Since this case was submitted (October 11, 1957) the first wife has filed with us a special motion for order "staying proceedings." Such motion alleges that the appellant fiduciary is about to pay the widow, out of the doctor's estate now in probate and prior to determination of the present appeals, a substantial sum of money in the way of statutory widow's allowances. It alleges further that such payment, unless restrained, will so deplete the net estate as to reduce substantially the amount the first wife is entitled to receive, either under the present amendatory decree or such decree for an increased amount in gross as may be entered here.

The typewritten papers filed in support of such motion—likewise those filed contra—are vague and replete with charges and countercharges. They fail to impart essential and relevant facts. The situation being allegedly urgent, we have turned to ascertainment through our clerk of that which is of record in the respective courts below and is not fully shown in the papers and printed matter before us. We find that an order for widow's allowances was entered in probate August 20, 1956, and that it directed payment of $1,500 per month to the widow "for the support and maintenance of the widow and the children constituting the family of said deceased, during the administration of the estate or until the further order of the court, but not to exceed 1 year from the date of death of said deceased." It appears further that an appeal was taken from such order to the circuit court; that such appeal stands pending in circuit waiting outcome of present appeal and cross appeal, and that the amount the first wife says the fiduciary threatens to pay the second wife is approximately $15,000.

Whether the first wife should receive the decreed allowance in gross through assurance of equity's process issued *in personam,* or whether she should not, is a question for initial determination of the trial chancellor. The effect of the amendatory decree, if any, on the order for widow's allowances, and the possibility that such order might reduce monetary worth of the first wife's allowance in gross, as yet has not been considered in the court below. We accordingly remand for such additional determination as may be indicated in the light of these new facts, adding only that equity, having accepted jurisdiction and having proceeded to amendatory decree found equitable, may retain jurisdiction for the purpose of

requiring due recognition and performance thereof by all interested parties, including the widow.*

Affirmed and remanded. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.

---

* On remand the widow may if necessary be brought in as a formal party to this proceeding.