HACKMAN *v.* HACKMAN.

1. DIVORCE—EXTREME AND REPEATED CRUELTY—EVIDENCE.

Alleged extreme and repeated cruelty, supported by the record, justified trial court's finding that the weight and credibility of the testimony was in favor of plaintiff husband in suit for divorce.

2. SAME—RES JUDICATA—PROPERTY RIGHTS.

Various earlier lawsuits between husband and wife and children relative to property involved in partnership did not constitute an adjudication of the rights of the parties as husband and wife in suit for divorce.

3. SAME—PROPERTY SETTLEMENT.

Award of home valued at $23,000 to wife, frame house valued at $10,000 to husband, custody of minor child to wife with provision for support by the husband, retention of other assets in his or her possession free from claims of the other party, the question of permanent alimony being reserved, *held,* a fair award in husband's suit for divorce in which he was awarded decree, in view of the history of the parties.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted April 11, 1962. (Docket No. 57, Calendar No. 49,270.) Decided July 2, 1962.

Bill by Arthur J. Hackman, Sr., against Madeleine C. Hackman for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation §§ 189, 437, 439.
[2] 30A Am Jur, Judgments §§ 396–398.
[3] 17A Am Jur, Divorce and Separation § 931.

*Hand, Sullivan, Kiefer & Allen (Michael J. Hand,* of counsel), for plaintiff.

*George Brett Shaeffer,* for defendant.

Adams, J. This is an action for divorce. The parties were married in 1928; 3 children were born. Defendant wife was employed as a secretary and translation clerk until 1931. Plaintiff husband worked for General Motors as a toolmaker until 1943. The wife was entrusted with the financial affairs of the family. The husband was first the wage earner and then the moving force behind a family business begun in 1943. The business prospered. The wife and the 2 older children worked in the business.. The wife and all of the children were made partners, apparently for tax purposes.

In 1935, defendant wife purchased in her own name the lot upon which the marital home was later constructed. In 1951, she purchased in her own name the lots upon which a modern factory building was built to house the family copartnership. In 1952, she purchased in her own name a frame house for $11,450. In 1955, the husband discovered these actions and that she was also diverting assets from the copartnership. A total sum of $84,000 had been withdrawn by the wife for herself and the children. Suit was instituted by the husband for an accounting. The parties agreed to place the real estate in a tenancy by the entireties. Adjustments were made of the partnership interests. The suit was discontinued.

The husband began a competing business 3 blocks from the copartnership. In 1958, a second lawsuit was commenced by the wife and children to prevent him from removing any funds or materials from the

copartnership. A cross bill was filed requesting an accounting and dissolution. The suit was decided in May of 1958. The wife and children were permitted to retain the family copartnership business and the husband was transferred 50% of the machinery and shop fixtures, 25% of the stock inventory, $10,000 in cash, and automobile.

The record is clear that the husband had reposed entire confidence and faith in the wife in the handling of their financial affairs from the beginning of the marriage until 1955. The breach of that trust by the wife is not satisfactorily explained by her.

There is testimony with reference to purported assaults by the husband upon the wife, and there is testimony that the wife badgered the husband, that she broke his glasses, and that she threw water on him when he was in bed. The trial judge found that the wife argued and harassed the husband and that she had called the police 12 times between 1955 and 1960 to have him arrested. Without going into the details, there is other testimony of actions by the wife that would be disruptive of the marital relationship. The trial court found that the weight and credibility of the testimony was in favor of the husband. We agree. The allegations of extreme and repeated cruelty are supported by the record. *McCue* v. *McCue,* 191 Mich 1; *LaBarge* v. *LaBarge,* 264 Mich 615.

As to the property division, the earlier lawsuits were in no way an adjudication of the rights of the parties *as husband and wife.* The wife has been awarded the family home valued at $23,000. The husband has been awarded a frame house valued at $10,000. Custody of the minor child was awarded to the wife with provision for support by the husband. The question of permanent alimony was reserved.

Each party was permitted to retain any other assets in his or her possession free and clear from claims of the other party. Taking into account the history of the parties, the award would appear to be fair. *Manigold* v. *Manigold,* 304 Mich 310; *Fansler* v. *Fansler,* 344 Mich 569; *Shaw* v. *Shaw,* 364 Mich 560.

We find no error. The decree of the lower court is affirmed, with costs to the appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.