McBRIDE, Judge
(concurring):
Plaintiff seeks to hold defendant’s succession liable for post demise alimony on a final decree of divorce rendered by the Circuit Court of Dade County, Florida, which confirmed and approved an agreement previously entered into between plaintiff and deceased as to alimony, child support, division of property, custody of their child, etc. Said agreement as well as the decree are annexed to and made part of plaintiff’s petition.
The agreement beween the parties with respect to alimony stipulates:
“6. Husband agrees to pay Wife the sum of fifty dollars ($50.00) per week until her death or remarriage, whichever event occurs first, beginning with the date of the execution of this Agreement, by mailing said sum weekly to Wife. Husband agrees also to pay all extra-ordinary medical, hospital and dental expenses of Wife.”
The divorce decree provides:
“4. That the agreement between the parties as to alimony, child support, division of property, and custody of the child of the parties, be, and the same is hereby, found to be fair and equitable, and is hereby ratified, confirmed and approved, and the same is hereby adopted as a part of the decree of this court.”
Decedent’s executor interposed an exception of no cause of action grounded on the theory that all alimony terminated upon the death of the decedent; that Louisiana will recognize a foreign judgment for alimony installments only as to accrued installments and then only when the court which rendered the judgment has no authority or discretion to modify it; further that, Louisiana courts have no authority to grant executory judgments for future installments of alimony under any circumstances.
I am primarily concerned with whether that portion of the Florida decree respecting future alimony (1) is final and if not, (2) whether recognition and full faith and credit should be given the foreign decree. C.C.P. 2541. The pertinent Florida statute governing the question of finality as well as the controlling Florida jurisprudence have been stipulated by counsel. See C.C.P. art. 1391.
Under Florida jurisprudence as a general proposition, alimony awarded by a chancellor terminates upon the death of either *587 of the parties or upon the remarriage of the wife. See Allen v. Allen, 111 Fla. 733, 150 So. 237; Deigaard v. Deigaard, Fla. App., 114 So.2d 516. However, there has been an exception to this general rule which permits a former wife to secure payments in the nature of alimony from the estate of her deceased former husband, when there has been an agreement providing for payments to her for as long as she may live or until she remarries. See Allen v. Allen, supra; Underwood v. Underwood, Fla., 64 So.2d 281; Aldrich v. Aldrich, Fla., 163 So.2d 276; Scott v. Gratigny, Fla.App., 166 So.2d 816.
Sec. 65.15 Florida Stat. (1963) F.S.A. provides:
“65.15 Modification of alimony decrees ; agreements, etc. — Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony, whether in connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the circuit court of the circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court, after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and'the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree.
“Thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and where-ever instituted, whether within or without this state, shall be deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney, or agent, or otherwise, in behalf of either party in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.
“This section is declaratory of existing public policy and laws of this state, which is hereby affirmed and confirmed in conformance with the provisions hereof, and it shall be the duty of the judges of the circuit courts of this state to construe liberally the provisions hereof in order to effect the objects and purposes hereof and the public policy of the state as hereby declared.”
Thus, by the force of statutory provisions, the State of Florida retained and still has full jurisdiction to modify, by decrease or increase, the decree respecting the payment of alimony by the husband to the wife. The decree declared upon comes *588 squarely within the purview of Sec. 65.15, Fla.Stat. (1963) F.S.A., and the Florida courts may modify the decree if the circumstances of the parties or the financial ability of the husband shall have changed since the execution of the agreement or the rendition of the decree.
Even after the husband’s demise a decree awarding alimony may be modified by a Florida court of equity. The Supreme Court of Florida in Aldrich v. Aldrich, supra said:
“We note, parenthetically, that a decree awarding technical alimony—that is, ‘nourishment’ or ‘sustenance’—to the wife, even though based upon the stipulation or agreement of the parties as to the amount thereof, is subject to modification by the court when a change of circumstances is shown, under our statute expressly authorizing modification of such agreements. Sec. 65.15, Fla.Stat. (1963) F.S.A. And it would seem that the equity court would have jurisdiction to modify a decree of divorce awarding alimony payable in installments, after the death of the husband, so as to grant a gross sum out of the estate of the deceased in lieu thereof. See Van Haltern v. Van Haltera (1958) 351 Mich. 286, 88 N.W.2d 485.”
Clearly then, the Florida judgment upon which plaintiff seeks to recover alimony for the period of her life expectancy (20 years) in a lump sum ($54,600) is not and never was final under the existing public policy of the State of Florida and therefore is not entitled to efficacy in Louisiana under Article IV, § 1 of the Constitution of the United States providing that:
“Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings *
Louisiana does not accord full faith and credit to judgments of sister states when the foreign state retains or has the power to alter or modify the judgment.
In Weston v. Weston, 177 La. 305, 148 So. 241, our Supreme Court was concerned with the recognition and enforcement of a Michigan decree for alimony. The weight of the evidence in the case shows that the decree was not final and merely interlocutory. The Court declined to recognize the decree saying:
“The judgment on which the present suit is based, not being final under the laws of Michigan, where it was rendered, is not such a judgment as can be made executory in this state under the full faith and credit clause of the Federal Constitution. Weaver v. Schumpert, 118 La. 315, 42 So. 949.”
I am not unmindful of Devore v. Devore, La.App., 172 So.2d 923 (cert. den.), decided by this court, wherein we held that a provision in a divorce decree for alimony payable in installments, is a final judgment within the full faith and credit clause insofar as accrued installments are concerned. However, in the Devore case the husband was alive. In the instant case upon the husband’s death alimony installments were abated and the only remedy the wife had was to have the decree amended by the equity courts of Florida so as to grant her a gross sum out of the estate of the deceased in lieu of the alimony.
In Folds v. Folds, 160 So.2d 251, the Second Circuit Court of Appeal refused to give recognition to an Arkansas judgment because the courts of that state retained jurisdiction to modify, alter or amend the judgment after its rendition. Said the court:
“We think there is no question as to the principle that the judgment of a foreign state is not entitled to full faith and credit in Louisiana and cannot be made executory in those cases in which the court of such foreign state retains jurisdiction for the purpose of modification, alteration or amendment of the judgment after its rendition; Weston v. Weston, 177 La. *589 305, 148 So. 241; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905.”
In People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, the United States Supreme Court held that a judgment has no constitutional claim to a more conclusive or final effect in the state of the forum than it has in the state where rendered.
Plaintiff in her petition bases her claim against the succession on the Florida judgment. However, the thought occurs to me that under C.C.P. art. 2164, which provides that the appellate court shall render any judgment which is just, legal and proper upon the record on appeal, may be broad enough to empower us to embark on a determination whether plaintiff has a cause of action on the agreement between herself and the decedent. My thought is that she has no cause of action on the agreement because it became merged in the judgment which provides “ * * * the same (the agreement) is hereby adopted as a part of the decree of this court.” What then became of the agreement upon rendition of the judgment? The law, so far as I am able to ascertain, is to the effect that the agreement became merged with and inseparable from the judgment and any claim of plaintiff thereafter would arise from the judgment and not be based on the antecedent agreement.
American Jurisprudence, Vol. 30A “Judgments”, p. 258, provides:
“The general rule that a judgment in favor of the plaintiff merges the cause of action on which the action is brought and that thereafter he can only maintain an action on the judgment itself and not on the cause of action applies to judgments entered by consent.”
From Anno.: 2 A.L.R.2d 560; 97 L.Ed. 1203:
“The general rule applies equally to judgments entered by agreement or consent, preventing the plaintiff from maintaining another suit on the same cause, but permitting him to maintain an action on the judgment.
The above is consonant with the rule in Louisiana stated in Dunn v. Pipes, 20 La. Ann. 276, as follows:
“A consent judgment is binding between the parties, and has the effect of the thing adjudged, unless reversed in the mode and within the time prescribed by law. (Greenwood v. City of New Orleans) 12 [La.] A[nn], 426.”
It must be presumed, in the absence of a showing to the contrary, that the Florida law is identical with that prevailing in Louisiana on the above proposition. I hardly think that if this action was being adjudicated in that state that the Florida courts would permit plaintiff to assert a cause of action on the agreement rather than on the judgment. This in spite of a stipulation in the agreement that notwithstanding its incorporation in the divorce decree that the provisions thereof shall not be merged in any such judgment or decree, “but shall in all respects survive.”
Plaintiff may not sever the agreement from the judgment. If she could do so it could only be on the theory that she had two causes of action. It would be absolutely anomalous to say that she has separate and distinct causes of action, one on the judgment and one on the prior agreement.
I concur in the decree.