**148 So. 241**

**WESTON v. WESTON.**
No. 31473.

May 1, 1933.

Polk & Robinson, of Alexandria, for appellant.

Overton, Dawkins & McSween, of Alexandria, for appellee.

ROGERS, Justice.

On November 3, 1926, Mrs. Helen Weston obtained a judgment of divorce from James Wade Weston in the circuit court for Ingham county, state of Michigan. The judgment gave Mrs. Weston the custody of the three minor children of the marriage, and also condemned defendant to pay the "friend of the court" alimony of $100 per month for the support and maintenance of the children. Defendant paid the alimony for about two years and then stopped. Defendant removed to Louisiana, and this suit was instituted for the recognition and enforcement in this state of the judgment for alimony rendered in the state of Michigan; the demand being for $2,300 as alimony past due and unpaid. The court below rendered judgment as prayed for, and defendant devolutively appealed to this court.

Defendant interposed a number of defenses to the suit, only one of which we find necessary to consider, viz.: Whether the decree sought to be enforced in this case is a final judgment within the full faith and credit clause of the Federal Constitution. Section 1, art. 4.

The testimony of three lawyers residing in the city of Lansing was taken on the question of whether under the laws of Michigan (see Comp. Laws Mich. 1929, § 12747 et seq.) a

judgment for alimony is final or merely interlocutory so far as it applies to past-due and unpaid installments. One of the witnesses, who was called by plaintiff, gave his opinion that the decree is final; the two other witnesses, who were called by defendant, gave their opinions that the decree is not final. We think the weight of this expert testimony supports defendant's contention.

Plaintiff's witness testified generally that in his opinion the amount due and unpaid under the judgment sued on is in the nature of a final judgment because no proceeding had been taken to revise or alter the decree. He did not, however, refer to any decision of the Supreme Court of Michigan in support of his opinion. The witness also testified that, as to future or unpaid installments, he believed the judgment would not be considered final, because under the laws of Michigan the court has power, on application, to revise or alter such decree.

On the other hand, defendant's two witnesses testified, in substance, that the judgment rendered by the Michigan court on which the present action is based is not a final decree so far as it relates to the demand for alimony in monthly installments and is subject to modification or revision at any time; that this modification or revision can affect either future payments or payments due at the time the matter is brought before the court. These witnesses refer to the controlling statutory law of Michigan (Comp. Laws Mich. 1929, § 12748) and the decisions of the Michigan Supreme Court interpreting that law, calling particular attention to the case of Skinner v. Skinner, 205 Mich., 243, 171 N. W. 383. In that case, the court expressly

held that, after a decree for alimony or allowance for wife or children is made, the court may, from time to time, on petition of either party, revise and alter such decree respecting the amount of such alimony and the payment thereof, and may make any decree respecting any of such matters which the court might have made in the original suit, and that this was so even where the original decree was based upon a property settlement entered into between the parties. The court accordingly, the change in defendant's financial condition warranting, modified the decree so as to reduce the alimony payments, past due as well as future, from $100 a month to $75 a month.

One of defendant's witnesses appears to be peculiarly well qualified to testify on the legal question involved herein, having served for eight years as a prosecutor compelled to appear during the tenure of his office in every divorce case involving the custody and maintenance of children and having dealt with similar questions on many occasions in his private practice. This witness, in addition to his testimony concerning the pertinent statutes and jurisprudence of Michigan, stated, in giving his experience of the practical application of the law, that the statutes to which he refers have been in force in Michigan for many years, and during all that time the courts have uniformly assumed the right to alter and have altered decrees entered under them, both as to the monthly payments for the support of children past due as well as to the monthly payments to be made in the future.

The general rule governing the question is set forth in the discussion of the subject of

alimony contained in Ruling Case Law, § 102, p. 958, as follows, viz.:

"Where a foreign decree is subject to modification by the court in which it was entered, neither the Federal Constitution nor the principle of comity requires the courts of another state to enforce it, as no court, other than that having jurisdiction in the original suit, could undertake to administer the relief to which the parties might be entitled, without bringing about a conflict of authority and a condition of chaos. * * * Obviously, a periodical allowance cannot be enforced as to installments not yet accrued, not only for the reason that they are not yet due, but because it is universally acknowledged that an allowance is subject to modification before its accrual. *Nor may a decree be enforced in another jurisdiction as to installments already accrued, where the laws of the forum wherein it was rendered expressly authorizes the modification of an allowance both as to accrued and future installments.*" (Writer's italics.)

See, also, Corpus Juris, § 826, p. 365, on the subject of Divorce, stating the rule to be as settled by the Supreme Court of the United States, and followed by a number of decisions in state and federal courts, that a decree awarding alimony payable in future installments constitutes a proper basis for suit in another jurisdiction under the full faith and credit clause of the Federal Constitution, unless the right to receive alimony is so discretionary with the court rendering the decree that, even in the absence of application to modify it, no vested right in the payment exists.

Plaintiff cites the case of Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28

L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, as supporting her contention. We think, however, that the cited case is favorable to defendant's contention. It lays down the general rule, with its exception, governing cases of this character. There the suit was to make executory in the state of Connecticut a decree for alimony rendered in the state of New York. The defense set up in the case was the same defense that is set up in this case. The Supreme Court of the United States, in passing upon the defense, held that the decree of the New York court, under the laws of New York, was a final judgment as to past-due and unpaid installments of alimony, and therefore, under the full faith and credit clause of the Federal Constitution must be given effect in Connecticut. But at the same time the court was careful to point out that if, under the law of New York, the right to demand and receive alimony was discretionary with the court that rendered the decree, even though application to annul or modify the decree had not been made prior to the installments becoming due, plaintiff's case would fall within the exception to the general rule, and therefore plaintiff would not be entitled to any relief.

The judgment on which the present suit is based, not being final under the laws of Michigan, where it was rendered, is not such a judgment as can be made executory in this state under the full faith and credit clause of the Federal Constitution. Weaver v. Schumpert. 118 La. 315, 42 So. 949.

For the reasons assigned, the judgment appealed from is annulled, and plaintiff's suit is dismissed, at her costs.

OVERTON, J., recused.