HARDY, Judge.
This suit was instituted by plaintiff, divorced wife of defendant, in the Fifth Judicial District Court for the Parish of West Carroll, State of Louisiana. Plaintiff prayed for recognition of two judgments rendered by the Chancery Court of Chicot County, Arkansas, in the suit of Hardy W. Folds vs. Etta Mae Folds, No. 9408 on the docket of said court, which judgments were rendered respectively on the 29th day of June and the 20th day of November, 1962. From judgment as prayed, subject-to the credit noted therein, the husband, defendant in the Louisiana action, has appealed.
Defendant specified errors, first, on the ground that the judgment of the State of Arkansas was not entitled to full faith and credit in Louisiana since by its express terms the said judgment was not final and the Arkansas Court retained jurisdiction of the case; and, second, on the basis of the contention that at the time of rendition of said judgment defendant was a legal resident of and domiciled in the State of Louisiana; no service of legal process was made upon him; he owned no property in the State of Arkansas which could have been subject to attachment con-fering jurisdiction upon a court of said State, and he had no designated agent for service of process within the State of Arkansas.
The undisputed facts are that the parties to this litigaton were married in October, 1960, and lived at the domicile of the husband in West Carroll Parish until they were separated in August of 1961. Subsequent to the separation the husband purportedly established a domicile in Chicot County, Arkansas, obviously for the purpose of instituting divorce proceedings, for which purpose he employed an attorney. After fulfilling the residence requirements of the State of Arkansas in such matters, plaintiff instituted suit for divorce, prosecuted contradictorily with the wife, which resulted in the granting of a judgment of divorce in favor of the husband and the allowance of alimony to the defendant wife in the sum of $125.00 per month. This judgment appears to have been rendered in May of 1962, but, upon the husband’s application, the court entered a decree reducing the amount of alimony to $100.00 per month beginning August 5, 1962.
*253 Upon failure by the husband to pay the award of alimony, the wife petitioned the Arkansas Court, in the same styled and numbered case, for judgment in the sum of $400.00, representing past due alimony, together with the sum of $100.00 as attorney’s fees, and, after hearing, judgment was rendered accordingly. This' judgment was dated November 20, 1962, and recited the appearance of the plaintiff husband through his attorney, who announced ready for trial, and included the further recital that:
“ * * * this cause is submitted to the court upon the petition herein and the exhibits thereto, proof of service upon plaintiff and his attorney of record, Tom Cashion, and the evidence adduced by the defendant; * *
In view of the statements contained in the judgment as above noted, and in further consideration of the fact that on trial of this case in the Louisiana court there was no denial by the defendant husband of the authorization of his Arkansas counsel, we think the specification of error urged with respect to failure of service should be, and, accordingly, it is overruled.
However, the first objection raised on behalf of appellant presents a serious problem.
We think there is no question as to the principle that the judgment of a foreign state is not entitled to full faith and credit in Louisiana and cannot be made executory in those cases in which the court of such foreign state retains jurisdiction for the purpose of modification, alteration or amendment of the judgment after its rendition; Weston v. Weston, 177 La. 305, 148 So. 241; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905.
Reference to the judgment of the Arkansas court dated November 20, 1962, discloses the following specific reservation:
“And the court doth retain jurisdiction of this cause for the purpose of making such further orders herein as equity-may require.”
In view of the above reservation, the judgment in question cannot be recognized as being final to such extent as would entitle it to full faith and credit in this state.
It is argued on behalf of plaintiff-appel-lee that the judgment should be considered final on the authority of Sage v. Sage (1952), 219 Ark. 853, 245 S.W.2d 398. We think it is clear that the cited cause is authority only for the principle that Arkansas courts have no power to remit accumulated payments of alimony and are without authority to reduce or modify a decree retrospectively unless a reservation with reference thereto is contained in the decree itself. We willingly accept this interpretation of the cited case and it accords with our conclusion that the judgments should be recognized and become subject to execution in this state only with respect to the past due and unpaid amounts fixed therein. Accordingly, the judgment appealed from is amended to this extent, and, as amended, is affirmed at appellant’s cost.