YARRUT, Judge.
The divorced wife seeks to recover from the Succession of her deceased husband, now being administered in the Civil District Court for the Parish of Orleans, the sum of $54,600.00, the aggregate of alimony, at the rate of $50.00 weekly, she would have received from him had he lived, based upon a divorce and alimony judgment rendered in 1954 by a Florida Circuit Court. The amount claimed is based upon her present age of 53, with a life expectancy of 20 years.
The judgment of the Florida Circuit Court was in confirmation of a written stipulation entered into between the parties for the payment of alimony, child support and custody and division of property. All alimony accrued prior to the husband’s death was paid. Only future alimony after the husband’s death is involved here.
The Orleans Civil District Court, without giving reasons, maintained the exception of no cause of action, filed by the Succession representative, and dismissed the divorced wife’s suit, from which she has taken this appeal.
Much has been argued in brief and in court that the stipulation of the deceased to pay alimony to his divorced wife was irrevocable and binding because it arose ex contractu to be paid during her life until she remarried. The obligation to pay alimony stipulated by the deceased was merely the confirmation of a duty imposed by law and governed by law as to its duration and future amount. The stipulation in effect fixed only the amount of the alimony. Whether or not the stipulation or judgment stated the alimony was for life is immaterial. The law requires the payment of alimony to the wife ad infinitum as long as she is in necessitous circumstances, based upon the husband’s ability to pay, and the wife’s changing needs, subject always to judicial review to increase, decrease or terminate. Its approval by the Florida Court incorporated into the judgment of divorce gave it no more than judicial approval, subject to future judicial review. Succession of Vidalat, 155 La. 1005, 99 So. 801.
Under the federal constitution only final judgments of foreign courts are entitled to full faith and credit in the courts of all other states.
However, an alimony judgment, which is subject to review and modification by the court which rendered it, based upon the wife’s then needs and the husband’s ability to pay, is not a final judgment entitled to full faith and credit.
In People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 614—615, 67 S.Ct. 903, 906, 91 L.Ed. 1133, although the case involved a custody decree, the court remarked in language seemingly broad enough to cover alimony decrees that, “so far as the Full Faith and Credit Clause is concerned, what Florida could do in modifying the decree, New York may do. * * * [I]t is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or'to de-part from it as does the State where it was rendered.”
Folds v. Folds, La.App., 160 So.2d 251, held that alimony judgments of an Arkansas court, which are subject to review by that court, should be recognized and executed in Louisiana only with respect to past due and unpaid alimony.
Sec. 65.15 Fla.Stat. (1963) F.S.A., provides that alimony agreements or judgments are subject to modification or termination if the circumstances of the parties, or the financial ability of the husband, shall have changed since the execution of such agreement, or the rendition of *585 such judgment. Aldrich v. Aldrich, (Fla.) 163 So.2d 276.
It was stated in open court and stipulated in writing, that the deceased, in his pro-hated last will and testament, after first providing that all his debts be paid, bequeathed his divorced wife a legacy of approximately $40,000.00 which, added to her alimony claim, if allowed, would give her a total of $94,600.00, or about 45% ■of his net estate.
He also left 35% to his second wife and widow; 35% to his minor daughter, whom he had agreed to support in his pre-divorce ■stipulation.; and 10% to a brother. It is difficult to believe that the deceased would have bequeathed this legacy to his divorced wife If he thought she could claim, in addition to the legacy, future alimony for a life expectancy of 20 years, or $54,600.00.
The Florida Court of Appeal in the case of Scott v. Gratigny, 166 So.2d 816, held that judicial recognition of an agreement between parties for payment of periodic sums to a divorced wife during the remainder of her life or until her remarriage as permanent alimony, was sufficient recognition of an agreement to warrant its enforcement against deceased husband’s estate as an obligation of the estate. However, it is not necessary to decide that issue here for assuming, arguendo, that the alimony did not cease with the death of the husband, certainly he, if alive, could have obtained a reduction or termination of the alimony, had the donation been made inter vivos, on the ground she was no longer in necessitous circumstances. Why then should not his Succession representative have the same right in view of the legacy?
The Florida law provides the court can, in the exercise of its equity power, fix a lump sum which the Succession must pay the wife. Aldrich v. Aldrich, cited supra.
We have no Florida jurisprudence as to the factors the Florida courts consider in determining an equitable lump sum settlement; but we can look to Louisiana law which provides that, where a husband dies and leaves a widow in destitute circumstances, she is entitled at most to a fourth of his estate, less any amount bequeathed to her. LSA-C.C. art. 2382. Certainly,, a divorced wife should not have a greater-right to recover post mortem alimony than; could the lawful widow of the deceased). in¡ necessitous circumstances, for future; support.
Austin v. Succession of Austin, 225 La. -449, 73 So.2d 312, is a case in point. There the plaintiff, as widow, claimed the marital fourth from her deceased husband’s succession under LSA-C.C. art. 2382. The ■court maintained an exception of no cause ■of .action to her petition because a partition had already been made of the community, and a bequest of $50,000.00 was made to her in his last will and testament,, for which reasons she was not in necessitous circumstances.
In this case the husband paid all alimony due to the time of his death. His Succession representative could not challenge the right of the divorced wife to future alimony until she made her demand in the Succession proceeding.
If the husband were alive and discovered for the first time that his wife, six months before, was no longer in necessitous circumstances as the result of an inheritance or gainful employment, could it be said that, when she sued him for alimony for the six months, he could not then plead she was not in necessitous circumstances for that period? To hold the husband responsible otherwise for alimony after the wife was no longer in necessitous circumstances, would open the door to concealment and fraud. The deceased husband certainly could not challenge the claim after his death, and his Succession representative could only contest the claim when the divorced wife made her demand in the Succession proceeding. Nor can it be said that she is entitled to alimony up until the time the Succession representative *586 made the challenge. The legacy left to her was sufficient to cover the alimony for the interim between his death and its challenge by the executor, and for the alimony that would accrue for nearly her whole life expectancy of 20 years, even though she may not have lived but a few years.
On the exception of no cause of action considered by the District Court, the District Court necessarily had to consider as true the allegations of the petition, certified copies of the pre-divorce agreement between the parties, and the certified copy of the judgment of divorce recognizing such pre-divorce agreement, all made part of the petition. In view of the signed stipulation between the parties filed in the record here concerning the $40,000.00 legacy the divorced wife will receive from her husband’s Succession, it would serve no purpose to remand the case to admit such stipulation, since it now forms part of the documents in the record which must be considered in determining whether Plaintiff has stated a cause of action. LSA-C.C.P. art. 927; Elliott v. Dupuy, 242 La. 173, 135 So.2d 54; Clark v. Reed, La.App., 122 So.2d 344. See also Babineaux v. Southeastern Drilling Corp., La.App., 170 So.2d 518.
. The judgment of the District Court, maintaining the exception of no cause of action, is correct and is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.'