203 So.2d 743 (1967)
Ruth Cason ROBERTSON, Plaintiff-Appellant,
v.
Floyd CASON, Defendant-Appellee.
No. 10885.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1967.
*744 Love, Rigby, Donovan, Dehan & Love, Shreveport, for appellant.
No appearance for appellee.
Before GLADNEY, BOLIN and BARHAM, JJ.
GLADNEY, Judge.
The question involved on this appeal is whether the District Court of Caddo Parish, Louisiana, rightfully denied full faith and credit to a judgment rendered by the District Court of Bowie County, Texas.
This action was instituted for the purpose of having the Louisiana court recognize a divorce decree rendered in the state of Texas, and more particularly to have those portions thereof providing for child custody and accrued unpaid installments of child support rendered executory. The defendant husband Floyd Cason, who was domiciled in Caddo Parish, was properly served with citation but made no appearance and the matter came on for confirmation of default. After introducing in evidence a copy of the Texas judgment properly certified and authenticated, together with pertinent testimony of plaintiff, the trial court refused to recognize the provisions of the Texas judgment awarding $30 weekly child support payments which had accrued and were unpaid. An alternative demand by plaintiff, however, was granted and this gave plaintiff the care, custody and control of the minor children and awarded $30 per week for their support commencing subsequent to the filing of this suit.
The test of the validity of the Texas divorce is whether the defendant Floyd Cason had an opportunity to litigate the jurisdictional question. The decree itself evidences a waiver of summons and entry of appearance by Cason and also that Ruth Cason was domiciled in Bowie County, Texas where she had resided for more than a year prior to the institution of the suit. Thus under the principles of law enunciated in Boudreaux v. Welch, 249 La. 983, 192 So.2d 356, the decree of divorce in favor of Ruth Cason must be considered a valid and final judgment entitled to Louisiana recognition under the full faith and credit clause of the Federal Constitution.[1] Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355 (1948); Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1376 (1948); Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951); Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951).
*745 The provisions of a foreign judgment pertaining to accrued child support payments may be accorded full faith and credit unless by the law of the state where rendered the decree is subject to modification as to accrued installments at the discretion of the court. Where the decree is final and not subject to subsequent modification it must be recognized and enforced without modification of accrued installments in a suit arising in a state other than the one in which the decree was rendered. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann. Cas. 1061 (1909); Cf. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163 (1944); Weston v. Weston, 177 La. 305, 148 So. 241 (1933); Devore v. Devore, La.App., 172 So.2d 923 (4th Cir. 1965). In Weston v. Weston our Supreme Court held that a Michigan judgment was not enforceable with respect to accrued alimony due thereunder where the judgment remained subject to modification as to accrued alimony installments. Recently in the case of Folds v. Folds, La.App., 160 So.2d 251 (1964) this court held an Arkansas decree would be recognized and become subject to execution in Louisiana only with respect to past due and unpaid amounts fixed therein where the Arkansas court was without authority to remit accumulated payments of alimony or reduce or modify a decree retrospectively, unless a reservation with reference thereto appeared in the decree.
The power of a Texas court to alter child support payments in connection with divorce is that provided by Article 4639a, Vernon's Ann.Civil Statute. Section 1 of the statute provides:
"* * * Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."
Commenting on the effect of this statute the Court of Civil Appeals of Texas in Clay v. Siercovich, 388 S.W.2d 25 (1965) stated:
"* * * The periodical payments so ordered do not constitute a debt; they may be enforced only by contempt in the divorce proceeding. If the order is not complied with, plaintiff `could not maintain an action in any other court in this state to enforce the payment.' Execution and garnishment are not authorized. Ex parte Davis, 101 Tex. 607, 608, 111 S.W. 394, 396, 17 L.R.A.,N.S., 1140; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 49, 75 A.L.R. 1305; Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 955. `The wife has no pecuniary interest in the award.' Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119, 121. * * *" 388 S.W.2d 25, 26, 27.
In Clapp v. Clapp, 393 S.W.2d 412 (1965) the Court of Civil Appeals of Texas recognized that under its statutes the courts of Texas have power and authority to alter and change judgments or suspend the same covering the question of child support in a divorce suit.
The foregoing authorities make clear that the provisions for child support as contained in the Texas decree were subject to modification and change and may not be considered final. The Louisiana Court, therefore, rightly denied full faith and credit to the provisions of the Texas judgment pertaining to installment payments for child support.
For the foregoing reasons the judgment appealed is affirmed at appellant's cost.
NOTES
[1] The pertinent clause is found in Article 4 § 1 of the Constitution of the United States, which reads:

"Section 1. Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."