305 So.2d 567 (1974)
Alice Johnston WEBB
v.
James S. WEBB, Jr.
No. 6553.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Rehearing Denied January 14, 1975.
Writ Refused March 7, 1975.
Newman, Duggins, Drolla & Gamble, John C. Anderson, Baton Rouge, for plaintiff-appellee.
Thomas Barr III, and C. Cyril Broussard, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON and STOULIG, JJ.
LEMMON, Judge.
James Webb has appealed from a summary judgment for alimony arrearages in favor of his former wife.
*568 The couple was divorced in Florida in 1962 by a judgment which also ordered Webb to pay alimony in the amount of $650.00 per month until Mrs. Webb's death or remarriage. In January, 1974 Mrs. Webb, still a Florida domiciliary, instituted this action in Jefferson Parish, Webb's present domicile, for recognition of the Florida judgment and for a money judgment for payments in default under the alimony order contained in the judgment. After Webb filed an answer, resisting the demand on several grounds, Mrs. Webb filed a motion for summary judgment, which was granted.
On appeal Webb concedes the divorce judgment is entitled to full faith and credit, but first contends the alimony order is unenforceable in Louisiana, inasmuch as it was based on a pre-divorce contract between husband and wife.
C.C. art. 1790 prohibits such a contract in this state. Florida law, however, permits such contracts and allows consent judgments based on these agreements. See F.S.A. § 61.14. We are not here considering the validity of a Louisiana judgment based on a pre-divorce contract; rather, we are considering the enforcement of a Florida judgment, rendered in an action in which both parties appeared and litigated their rights under Florida law. A Florida resident cannot, by moving to Louisiana, prevent enforcement of a valid judgment rendered there.
Webb next contends that he obtained the divorce based on his wife's fault and that in Louisiana, under C.C. art. 160, the wife is entitled to alimony only if she has not been at fault. Again, the judgment awarding alimony was based on the wife's entitlement under Florida law, and the husband litigated the matter there. He cannot 12 years later resist enforcement of the alimony order on the grounds that the wife would not have been entitled to alimony if the litigation had occurred in Louisiana.
Webb further contends his wife is no longer entitled to alimony, because she has remarried or is living in concubinage in Florida. This contention in the present appeal from a summary judgment principally addresses itself to the question of whether there is a genuine issue as to material fact.
As to Mrs. Webb's living in concubinage, a divorced wife's adultery is no defense to her claim for alimony arrearages. Adultery therefore cannot be a material fact, and any issue as to whether or not adultery occurred does not prevent summary judgment.
Mrs. Webb verified by affidavit that she had not remarried. Affidavits containing similar assertions were also filed by three children of the marriage, by the alleged concubine who boards in the home, and by four neighbors and close friends.
Webb filed a counter affidavit, in which he stated he had been told by one person that a third person had been introduced to Mrs. Webb as the wife of her boarder. The assertion of remarriage was not based upon personal knowledge, as required by C.C.P. art. 967, and is insufficient to show there is a genuine issue of material fact. Additional assertions were intended to show Mrs. Webb was not in need of alimony, but this circumstance (even if true) does not constitute a defense in this case and is not a material fact.
We therefore conclude the summary judgment vehicle is appropriate in the present case, if Mrs. Webb is otherwise entitled to judgment as a matter of law.
Finally, Webb asserts arguments which raise the following issue: may the Florida-domiciled wife take a Florida alimony order into a Louisiana court and obtain a money judgment for past due payments, or must the wife obtain a money judgment for the arrearage in Florida and then execute on that judgment here in Louisiana (as was done in Folds v. Folds, 160 So.2d 251 [La.App.2nd Cir. 1964])?
*569 A judgment ordering payment of alimony may not be enforced in Louisiana as to accrued installments, if the laws of the state which rendered the judgment allow modification both as to accrued and future installments. Weston v. Weston, 177 La. 305, 148 So. 241 (1933).
In Florida, however, accumulated alimony arrearages are not subject to modification. F.S.A. § 61.14; 6 A.L.R.2d 1277, 1285. In Hynes v. Hynes, 277 So.2d 557 (Fla.App.3d Dis.1973) the court reversed a trial court judgment which has remitted part of alimony arrearages. In Gottesman v. Gottesman, 202 So.2d 775 (Fla.App.3d Dis.1967) the court refused to reduce demanded arrearages of over $43,000.00, observing that "[d]efaulted installments of alimony ordered to be paid in a divorce decree constitute vested rights in the wife not subject to subsequent modification."
Since the Florida judgment ordered periodic payment of alimony, and since accrued alimony installments cannot be modified in Florida, we hold a Florida wife may obtain a money judgment for the arrearages in a Louisiana court which has personal jurisdiction over the husband.[1] The interests of neither party would be served by requiring the wife to reduce her claim for accrued installments to a money judgment in the Florida court which cannot modify defaulted installments or by requiring the husband to go to Florida to present any defenses such as payment, which can be urged in the local forum in which he was cited.[2]
The trial court, however, awarded judgment for nine installments due between September, 1973 and May 1974. The petition (filed January 2, 1974) demanded payment of installments due the last four months of 1973 and of any additional installments due at time of judgment. The wife's affidavit, dated March 25, 1974, only established that seven installments had been missed (the April and May installments not yet being due at the time the affidavit was executed.) The record therefore does not support an award of the April and May installments, and the judgment will be amended accordingly.
For these reasons, we order the judgment of the trial court amended to decrease the amount by $1,300.00, and the judgment is affirmed as amended.
Amended and affirmed.
NOTES
[1] The court in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910), stated:

"(W)here a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case, [21 Haw. 582, 16 L. Ed. 226] `alimony decreed to a wife in a divorce or (sic) separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' * * * (T)his general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due."
[2] In the present case the husband has only attacked the enforceability in Louisiana of the original alimony order and has vaguely averred remarriage, without (as previously held) creating a genuine issue of fact.