341 So.2d 1351 (1977)
John M. COX
v.
Janet Reynolds COX.
No. 11073.
Court of Appeal of Louisiana, First Circuit.
January 6, 1977.
*1352 Joel B. Dickinson, Baton Rouge, of counsel, for plaintiff-appellee John M. Cox.
Ralph Brewer, Baton Rouge, of counsel, for defendant-appellant Janet Reynolds Cox.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
John M. Cox and Janet Reynolds Cox were married on September 5, 1947. They established their matrimonial domicile in East Baton Rouge Parish shortly after Colonel Cox retired from the United States Air Force on April 1, 1970. In November, 1974, they purchased a house in Litchfield Park, Arizona, in which Mrs. Cox thereafter resided. Col. Cox returned to Baton Rouge, Louisiana, on December 4, 1974, and the parties have not since lived together.
On January 7, 1975, Col. Cox filed suit in East Baton Rouge Parish for a separation from bed and board on the grounds of cruel treatment. A curator-ad-hoc was appointed to represent Mrs. Cox, who notified her of the proceedings, but who never received any response. Judgment was rendered granting the separation to Col. Cox on February 14, 1975, in which he was ordered to pay support in the amount of $575.00 per month to Mrs. Cox. Col. Cox had complied fully with his obligation to pay alimony thereunder.
On January 31, 1975, Mrs. Cox filed suit in Arizona for separate maintenance. Col. Cox was served personally in Louisiana with the appropriate documents, pursuant to Arizona law. He made no appearance or response. On March 16, 1975, judgment of separate maintenance was rendered in Mrs. Cox's favor, awarding her, inter alia, alimony in the sum of $830.00 per month, and attorney's fees of $800.00.
On February 3, 1976, this suit was filed by Mrs. Cox, asking that the Arizona judgment be recognized and given full faith and credit in Louisiana; that alleged arrearages of alimony be made executory; and asking for a divorce from Col. Cox on the grounds of adultery.
Col. Cox answered, denying the validity of the Arizona judgment, and reconvened for a divorce on the ground that more than one year had elapsed since the judgment of separation herein.
After trial on the merits, judgment was rendered in favor of Mrs. Cox awarding her a divorce, and condemning Col. Cox to pay alimony in the sum of $750.00 per month. All other relief sought by the parties was denied. Mrs. Cox has appealed asking for the arrearages and alimony allegedly due under the Arizona judgment as well as the attorney's fee awarded thereby.
Col. Cox has answered the appeal, asking that the judgment be reversed; that he be awarded a divorce; and that the award of alimony be set aside.
Mrs. Cox's appeal presents the question of whether we should recognize and give effect to a foreign judgment which purports to adjudicate an issue previously decided by the court of this state. Both of the judgments in question are valid under the laws of the respective states.
It appears to be settled law that only final judgments of another state will be given full faith and credit. Article 2541 Code of Civil Procedure, Official Revision Comment (f); Weston v. Weston, 177 La. 305, 148 So. 241 (1933); Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Devore v. Devore, 172 So.2d 923 (La.App. 4 Cir. 1965). Therefore a judgment for periodic alimony, which is always subject to modification, is considered to be interlocutory in nature as to future installments and not entitled to recognition. Weston v. Weston, supra; Webb v. Webb, 305 So.2d 567 (La.App. 4 Cir. 1975); Succession of King, 184 So.2d 583 (La.App. 4 Cir. 1966). However, arrearages of alimony due under such a judgment, if not subject to modification in the state rendering the judgment, may *1353 be granted by a court of another state. Weston v. Weston, supra; Sistare v. Sistare, supra; Webb v. Webb, supra.
However, we do not believe that the full faith and credit clause of the Constitution of the United States requires us to give effect to a foreign judgment, when there exists a prior legal judgment on the same matter rendered by a court of this state. We think the trial judge properly refused to recognize the Arizona judgment.
Col. Cox asks that we reverse the judgment of divorce in favor of Mrs. Cox and grant him a divorce. He argues that post separation sexual relations with a woman other than his wife should no longer be considered as adultery, in light of changing moral standards. The argument is without merit. Adultery is clearly defined in our law and is a ground for absolute divorce if committed by either party to a marriage either before or after a judgment of separation from bed and board. Articles 119, 136, 139 Civil Code; Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954).
He further argues that he should be granted judgment on his reconventional demand under R.S. 9:302, since, when it was filed, more than one year had elapsed since the rendition of the judgment of separation. The petition for divorce was filed by Mrs. Cox over a week before the lapse of one year from the date of separation. Her main demand for divorce therefore took precedence over the reconventional demand, and the divorce judgment was properly granted in her favor. McCaa v. McCaa, 163 So.2d 434 (La.App. 2nd Cir. 1964); Perry v. Perry, 207 So.2d 819 (La.App. 1st Cir. 1968).
Finally, Col. Cox asks that the judgment awarding alimony to his wife be reversed on the ground that, since she was legally at fault in the separation, she is not entitled to alimony under Article 160 of the Civil Code, which requires that she be free from fault. Mrs. Cox alleges that, regardless of her fault in the separation, Col. Cox is at fault in the divorce since the ground therefor was his adultery.
We decline to rule on this point, because our perusal of the record leads us to the conclusion that the question of Mrs. Cox's right to post divorce alimony was not at issue in the trial. There is no pleading by Col. Cox asking to be relieved of this burden. In the transcript, the court asked counsel for Col. Cox if his client was willing to pay alimony, and was advised there was a contest only as to the amount. On cross examination, Col. Cox was asked how much he was willing to pay, and he responded that he would pay whatever the court considered to be fair. There is not one word of evidence bearing on the question of the fault of the wife, and Col. Cox did not offer the judgment of separation in evidence.
We conclude that, since the fault of Mrs. Cox was not placed at issue, and since both Col. Cox and his counsel expressed an intention to pay post divorce alimony, Mrs. Cox was thereby relieved of her burden of proving herself free from fault. Under the circumstances, it is too late, at this stage of the proceedings, to raise the issue, regardless of its merit.
We recognize that, under Article 2164 of the Code of Civil Procedure, we may consider matters not argued at the trial level. However, this article has no application when it is apparent from the record that matters urged on appeal were conceded in the trial court.
As to the amount of $750.00 per month fixed by the trial court, we note that Col. Cox had been paying this sum voluntarily until the time this suit was filed, although it was in excess of the $575.00 he was ordered to pay by the Louisiana court. Our study of the record leads us to the conclusion that $750.00 per month is within the means of Col. Cox and is adequate to provide Mrs. Cox with maintenance. We find no manifest error.
The judgment appealed from is affirmed. All costs are to be shared equally by the parties hereto.
AFFIRMED.
PONDER, J., concurs in the result.