CULPEPPER, Judge.
This is a companion case to Lee v. Lee, La.App., 343 So.2d 428, in which a separate decision is being rendered by us this date. The two eases were consolidated for trial and appeal.
In the present case, Harold Lee, a resident and domiciliary of Louisiana, filed suit against his wife, Helen M. Lee, a resident and domiciliary of Arkansas, for a divorce on the grounds of living separate and apart for two years and for custody of two minor daughters, ages 16 and 17 respectively, who were living with Mr. Lee at the time he filed suit. Mrs. Lee filed an answer and reconventional demand. She admitted living separate and apart for two years, but she alleged the separation was due to the fault of Mr. Lee. She prayed for judgment of divorce in her favor, for custody of the two children, for child support, for alimony after the divorce and for attorney’s fees.
The district court rendered judgment in favor of Mr. Lee granting him a divorce and custody of the two minor children. All demands by Mrs. Lee were rejected. She appealed, seeking only alimony after divorce. She does not seek custody of the children, nor has- she assigned as error the rejection of attorney’s fees.
The issues are: (1) Did the trial court err in refusing to allow evidence as to the issue of fault and refusing to decide that issue? (2) Did the trial court err in refusing to allow Mrs. Lee to testify as to her financial needs because she had failed to file, 24 hours before the trial, a sworn affidavit as to her needs, the affidavit being required by rule of the Tenth Judicial Court?
The record shows that during the trial of these two consolidated cases on the merits, the trial judge stated he would not allow Mrs. Lee to testify as to her financial needs because she had failed to comply with the court rule requiring that prior to trial an affidavit as to alimony needs be filed. The judge announced that the only issues he would consider were the divorce and custody of the two children. Under his ruling, *427 no evidence was allowed during the trial as to fault or alimony after divorce. In reasons dictated into the record at the conclusion of the trial, the district judge refused to rule on the issues of fault and alimony, stating that they were not properly before the court.
LSA-C.G.P. Article 193 authorizes district courts to adopt local rules. The article provides in pertinent part:
“A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law.”
No copy of the court rule in question is filed in the record. We have previously held the courts of appeal cannot take judicial notice of district court rules. Bordelon v. X-L Finance Co., La.App., 209 So.2d 752 (3rd Cir. 1968).
Nevertheless, assuming solely for purposes of this decision that the rule in question is correctly set forth in West’s Louisiana Court Rules — State and Federal — 1977, we find that Rule V of the Tenth Judicial District, which pertains to “Trial Of Rules, Exceptions, and Summary Matters” provides in Section 9, at pages 291-292, as follows:
“In all rules for alimony pendente lite, child support and alimony following separation or divorce; and in all rules and cases involving a motion for increase or decrease in alimony or child support, the procedure for hearing the rule will be as follows:
“Plaintiff and/or defendant, mover and/or movent, as the case may be, shall specify his or her fiscal needs and requirements, and/or wages and income, by sworn affidavit to the Court by filing with the Clerk of Court twenty-four (24) hours before the hearing set for the rule. “The affidavit shall set forth the expenses and/or income of the declarant with sufficient particularity to apprise the Court and opposing counsel of the declarant’s fiscal situation. The procedure at the hearing of the rule will be that the declarant will file the affidavit as evidence and be tendered for cross-examination. This will be effective as to both plaintiff-mover and defendant-mov-ent.”
It is apparent from the title of Rule V and from the provisions of Section 9 quoted above that the rule applies only to the trial of rules, exceptions and summary matters. The present case was not before the court on the trial of a rule or summary matter. The case was being tried on the merits of plaintiff’s principal demand and Mrs. Lee’s reconventional demand. Again assuming that the rules of the Tenth Judicial District Court are correctly set forth in West’s Court Rules — State and Federal— 1977, there is no court rule requiring the affidavit in question when the case is being tried on the merits.
Even if there is a rule of the Tenth Judicial District Court requiring such an affidavit, there could be a serious question as to whether the rule is invalid as being contrary to state statute or to constitutional rights of due process. See Rayborn v. Rayborn, La.App., 246 So.2d 400 (1st Cir. 1971), writ refused, 258 La. 775, 247 So.2d 868.
At the conclusion of the trial, the district judge stated that he was refusing to rule on the question of fault because Mr. Lee prayed for divorce on the grounds of two years separation and fault was not at issue. The judge stated that Mrs. Lee had not prayed for a divorce in her favor.
The answer filed by Mrs. Lee alleges in paragraph 4 “that the cause of the separation was due to plaintiff, Harold Lee, when he abandoned your defendant for no lawful cause.” In paragraph 9 of her reconven-tional demand, Mrs. Lee alleges that “the cause of the separation being the fault of the defendant in reconventional demand, Harold Lee, and your plaintiff in reconvention desires and is entitled to alimony for her support.” Mrs. Lee prays for judgment of divorce in her favor and for alimony after divorce.
Our jurisprudence has established the rule that where one spouse sues for divorce on the grounds of voluntary separa *428 tion and proves the requisite separation, he or she is entitled to judgment of divorce, and the other spouse has no cause of action in a reconventional demand for judgment of divorce in his or her favor. Jones v. Floyd, La.App., 154 So.2d 604 (3rd Cir. 1963) and the cases cited therein. Therefore, Mrs. Lee has no cause of action for judgment of divorce in her favor in the present case. However, this does not defeat her right under her reconventional demand to have the question of fault determined and to seek alimony after divorce.
We find the allegations of Mrs. Lee’s answer and reconventional demand clearly put at issue the question of fault and the issue of alimony after divorce. The issue of fault has not been previously adjudicated in a suit for separation in a Louisiana court or otherwise, and thus we are not presented with a question of whether fault has been previously adjudicated. Nethken v. Nethken, La., 307 So.2d 563 (1975).
We conclude that the judgment appealed must be reversed insofar as it rejects Mrs. Lee’s reconventional demand for alimony after divorce. The case must be remanded for trial on the issues of fault and alimony. We also reserve to Mrs. Lee her right to demand attorney’s fees.
For the reasons assigned, the judgment appealed'is reversed and set aside insofar as it rejects the reconventional demand by Mrs. Lee for alimony after divorce and for attorney’s fees. This case is remanded to the district court for the limited purposes of trial on the issues of fault, alimony after divorce and attorney’s fees for Mrs. Lee. Otherwise than as herein reversed and remanded, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff, Mr. Lee.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.