CULPEPPER, Judge.
This is a companion case to Lee v. Lee, La.App., 343 So.2d 425, in which a separate decision is. being rendered by us this date. The two cases were consolidated for trial and appeal.
Mrs. Lee filed the present suit on January 16,1975, which was before Mr. Lee filed the companion suit for divorce on June 2, 1975. In the present case, Mrs. Lee seeks judgment against Mr. Lee for the sum of $3,000, representing past due installments of $500 per month due under an order for child support rendered in the Chancery Court of Ashley County, Arkansas, on July 3, 1974. Also, Mrs. Lee prayed for judgment against Mr. Lee in the sum of $7,200 and for one-half of the balance due in a certain savings account, which she alleges are due to her by Mr. Lee under the terms of a “Property Settlement Agreement In Contemplation of Legal Separation”, which agreement is dated February 21, 1973 and was executed while the parties were still married and living in Arkansas. From a judgment of the district court rejecting all of Mrs. Lee’s demands in the present suit, she has appealed.
The issues are: (1) Does Mrs. Lee have a cause of action in Louisiana against her husband, Mr. Lee, for enforcement of the property settlement which they entered into on February 21, 1973 while still married and living in Arkansas? (2) Is the child support order of the Arkansas Chancery Court a final judgment under the laws of Arkansas and therefore entitled to full faith and credit in the courts of Louisiana as to the past due installments?
The record shows that Mr. and Mrs. Lee were married in 1956 and lived together for several years in Crossett, Arkansas. Three children, all girls, were born of the marriage. While still living in Crossett, Arkansas, Mr. and Mrs. Lee separated in the early part of February, 1973. On February 21, 1973, they entered into a “Property Settlement Agreement In Contemplation of Legal Separation”. This agreement states that Mrs. Lee had instituted proceedings before the Chancery Court of Ashley County, Arkansas for a legal separation, in contemplation of which Mr. Lee agreed to pay to Mrs. Lee $450 per month for the support of the three minor children until they became 18 years of age. The agreement also contained other provisions as to a division of property. It also states that the parties consent that the agreement be made a part of the separation decree in Arkansas when granted. However, the record does not show that the agreement was ever actually incorporated into any court decree in Arkansas.
On July 3, 1974, the Chancery Court of Ashley County, Arkansas rendered an “Order” granting custody of the three daughters, ages 16 years, 15 years and 13 years *430 respectively, to Mrs. Lee and ordering that Mr. Lee pay to Mrs. Lee the sum of $500 per month for child support. The Arkansas order does not decree a legal separation or divorce nor does it provide alimony or maintenance for Mrs. Lee. Also, it expressly states that the Arkansas court retains jurisdiction for the purposes of enforcing the provisions of the order or making any further orders necessary in connection with the custody and support of the minor children.
In April of 1974, Mr. Lee moved from Arkansas to Natchitoches, Louisiana. His 16 year old daughter left Arkansas with him. In December of 1975, the 17 year old daughter left her mother in Arkansas to live with her father. At the time of trial, both girls were still living with their father. They testified they were happy and desired to stay with him. The third daughter, now over 18 years of age, is married.
The record shows that Mr. Lee made sporadic payments of various amounts to his wife for child support prior to the time he moved to Louisiana in April of 1974. Mr. Lee admits that he made no further child support payments to his wife after he reached Louisiana, since none of the children were with her. In addition, Mr. Lee did not comply with the provisions of the property settlement agreement regarding his giving his wife one-half of his interest in his credit union account.
The first issue is whether Mrs. Lee has a cause of action in Louisiana against her husband for enforcement of the “Property Settlement Agreement In Contemplation Of Legal Separation”, which was entered into in Arkansas on February 21, 1973 at a time when the parties were neither legally separated nor divorced.
The rights of the wife to sue her husband in Louisiana are limited to the four actions enumerated in LSA-R.S. 9:291. That statute provides: “As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for: (1) A separation of property; (2) The restitution and enjoyment of her paraphernal property; (3) A separation from bed and board; or (4) A divorce.” In the present case, Mrs. Lee sued seeking performance of a property settlement contract. Such a suit is not authorized by the above quoted statute. Therefore, Mrs. Lee has no cause of action under Louisiana law to enforce the terms of the property settlement agreement. See Stelly v. Montgomery, 339 So.2d 956 (La.App. 3rd Cir. 1976).
Mr. Lee did not file an exception of no cause of action. However, under LSA-C. C.P. Article 927, the court of appeal, on its own motion, may notice the failure to state a cause of action.
Regardless of whether the agreement is valid and enforceable under the laws of Arkansas, Mrs. Lee cannot file an action in contract in Louisiana against her husband while they are neither judicially separated nor divorced.
The final issue is whether Mrs. Lee may take the Arkansas child support order into a Louisiana court and obtain a money judgment for past due payments.
A foreign judgment ordering payment of alimony or child support is not entitled to full faith and credit in Louisiana as to accrued installments, if the laws of the state which rendered the judgment allow modification as to accrued installments. Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3rd Cir. 1976) and cases cited therein.
In Arkansas, the general rule is that accrued, unpaid support installments may be modified only if the original support order contains a reservation of the court’s right to make such modification. Sage v. Sage, 219 Ark. 853, 245 S.W.2d 398 (1952); see also Folds v. Folds, 160 So.2d 251 (La. App. 2d Cir. 1964). In cases since Sage, however, the Arkansas courts have adopted a case by case approach with attention to the equities involved. In Kirkland v. Wright, 247 Ark. 794, 448 S.W.2d 19 (1959), for example, the Arkansas Supreme Court explained: “Circumstances may arise, as they did in Pence [v. Pence, 223 Ark. 782, 268 S.W.2d 609, Art. 1969], where the equities in a given case require further devia *431 tion from the rule in Sage.” Thus, the support decree of the Arkansas Chancery Court in the present case would be subject to modification, even as to accrued installments, if equity required it, or if the court reserved the right to make such modifications. We think the present Arkansas support decree would be subject to modification on either of these two grounds.
The child support decree of the Arkansas Chancery Court contains this reservation: “This court retains specific jurisdiction of this cause for the purpose of enforcing the provisions of this order, or of making any further orders necessary in connection with the custody and support of the minor children." (Emphasis added) The language of this reservation may reasonably be construed as a reservation of the right to modify accrued installments. The judgment is therefore modifiable, and consequently is not final.
Furthermore, given the equities of the present case, we need not rest our determination that the Arkansas decree is subject to modification on only the reservation reserved in the Arkansas decree. As the following facts demonstrate, the equities weigh heavily in the husband’s favor. The original child support award of $500 per month was for three children. One of the three children married soon after the judgment was rendered and no longer depended on the mother for support. The other two children lived with their mother for a very short time. When this case was tried, one of the children had been living with the father for two years and the other for about a year. The father, of course, supported the children when they lived with him. Thus, a substantial portion of the arrearages now claimed by Mrs. Lee accrued during the time the father was supporting the two children. Considering these facts, an Arkansas court would probably conclude that the equities of the present case warrant modification of the unpaid accrued installments due under the terms of the child maintenance decree. We recognize that under Louisiana jurisprudence amounts past due under a child support judgment cannot be modified on equitable grounds. Granger v. Granger, La.App., 193 So.2d 898 (3rd Cir. 1967). However, Arkansas courts do allow such modification. Therefore, the order at issue here is not final under the laws of Arkansas and is not entitled to full faith and credit in Louisiana.
The Arkansas judgment is subject to modification. Therefore, it is not final and is not entitled to full faith and credit in Louisiana. Accordingly, we reject Mrs. Lee’s claims for unpaid child support payments accruing under the terms of the Arkansas child support order.
For the reasons assigned, the judgment of the district court is affirmed. The costs of this appeal are assessed against Mrs. Lee.
AFFIRMED.