345 So.2d 975 (1977)
William D. SHOWS, Plaintiff-Appellant,
v.
Alma M. SHOWS, Defendant-Appellee.
No. 13225.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.
Writ Refused July 1, 1975.
*976 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Thomas & Dunahoe by Edwin Dunahoe, Natchitoches, for defendant-appellee.
Before BOLIN, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiff filed a rule to show cause (1) why alimony payable to defendant should not be terminated or reduced; (2) why he should not be allowed to terminate hospitalization *977 insurance for defendant; (3) why defendant should not have her visitation privileges eliminated or reduced; and (4) why defendant should not return a gun to their mentally incompetent major son. The trial court rejected all of plaintiff's demands and he appealed.
Plaintiff obtained a separation judgment on the grounds of his wife's cruel treatment in 1974 and a judgment of divorce on April 6, 1976. The divorce judgment by consent provided that plaintiff pay defendant $200 per month permanent alimony and maintain hospitalization insurance for her benefit. The judgment also awarded plaintiff custody of a mentally incompetent major son and granted defendant certain visitation rights.
At the time the divorce and alimony judgment was rendered, plaintiff was making approximately $2,000 per month as an employee of Continental Can Company and defendant was unemployed. When plaintiff filed the instant rule in September, 1976, he had taken early retirement from Continental Can, motivated partially by health reasons. His retirement income is $952 per month, and he is no longer permitted to carry defendant on his hospitalization policy with Continental Can.
Defendant, who also has health problems, is currently working at the Jackson Parish Hospital with take-home pay of $284 per month. Her job is contingent on the continued availability of federal money to fund the program. She testified she spends all of her pay and all of the alimony presently being paid to her on necessary living expenses. She lives in a house owned by her daughter, does not pay rent, but does pay taxes and insurance on the house.
Although plaintiff's petition to terminate or reduce alimony contains only allegations of changes in financial circumstances and no allegations relative to defendant's fault, plaintiff contends on appeal that since the wife was adjudged to be at fault in the separation suit, she has no right to alimony after divorce.
The determination of fault in a separation suit is determinative of the issue of the wife's fault for purposes of alimony after divorce under LSA-C.C. Art. 160 and bars relitigation of the fault issue at the time permanent alimony is claimed ancillary to a divorce proceeding. Fulmer v. Fulmer, 301 So.2d 622 (La.1974); Nethkin v. Nethkin, 307 So.2d 563 (La.1975); Frederic v. Frederic, 302 So.2d 903 (La.1974); Wilson v. Wilson, 317 So.2d 629 (La.App.1st Cir. 1975), writs refused 320 So.2d 912 (La.1975).
However, in this case, in spite of the foregoing rule, a valid and definitive judgment has been rendered ordering plaintiff to pay alimony to the defendant. In a similar case, King v. King, 253 So.2d 660 (La.App.1st Cir. 1971), writs refused, 260 La. 128, 255 So.2d 353 (1971), the court held:
"Assuming the husband's obtention of a separation on ground of abandonment precluded the wife's right to alimony following the divorce because the wife's fault was thereby established, the husband's remedy lay in an appeal in the divorce proceeding. In this instance, plaintiff-husband did not appeal the judgment which awarded appellant-wife alimony in the divorce proceeding. Said judgment has long since become final and precludes any further consideration of the incidental issue of appellant's alleged fault."
Laiche v. Laiche, 231 So.2d 647 (La.App.1st Cir. 1969) held that the issue of the wife's fault was closed by a default divorce judgment which ordered the plaintiff-husband to pay alimony as prayed in his petition. Richardson v. Richardson, 275 So.2d 845 (La.App.4th Cir. 1973) allowed alimony to be revoked under similar circumstances as involved in the instant case, but without considering the effect of the prior consent alimony judgment, and for that reason is not authoritative on the issue at hand.
Cox v. Cox, 341 So.2d 1351 (La.App.1st Cir. 1977) held that a husband could not raise the issue of his wife's fault on appeal from a judgment awarding her alimony, where he had consented to the judgment (except for amount) and raised no issue of her fault at the trial level, even though he *978 had obtained a prior separation judgment based on her fault. It should be noted that in the Cox case the wife obtained a divorce on the grounds of the husband's adultery after the separation judgment. The court found it unnecessary to rule on the effect of the husband's fault giving grounds for the divorce subsequent to the wife's fault giving grounds for the separation, in view of its initial holding referred to above.
In the instant case, when defendant reconvened for alimony in the divorce proceedings, plaintiff could have asserted the separation judgment as conclusively determinative of the wife's fault and nonentitlement to alimony, but he did not. Instead, although the wife's fault was put at issue by the pleadings, plaintiff consented to judgment awarding defendant alimony. No appeal was taken from the judgment, which is definitive, binding on the parties, and is res judicata.
We hold that a husband who has obtained a separation based on his wife's fault and who thereafter consents to a judgment in her favor for permanent alimony after divorce, or who does not appeal from such a judgment rendered against him, may not in a subsequent proceeding raise the issue of the wife's nonentitlement to alimony by reason of her fault.
The alimony judgment may be modified as to amount because of a change in circumstances, but the husband against whom the alimony judgment was rendered may not, after the judgment has become definitive, go behind the alimony judgment in an effort to establish the wife's fault as precluding her entitlement to alimony.
With regard to the amount of alimony, the trial court concluded that plaintiff is well able to continue to pay $200 per month and that defendant is in need of that amount. The trial court did not abuse its discretion in refusing to reduce the award, particularly in view of plaintiff's voluntary retirement, continued substantial income, and the temporary nature of defendant's job. The evidence does not establish that defendant's needs are less than that amount or that plaintiff is unable to pay that amount.
As to the hospitalization insurance, the original alimony judgment ordered plaintiff to carry hospitalization insurance for the benefit of defendant. At that time, defendant was included in plaintiff's policy with his employer. After plaintiff's retirement he was no longer allowed to carry defendant on his insurance policy. In view of this fact, plaintiff's reduced income, and our conclusion that $200 per month is at the maximum limit of alimony which plaintiff should be required to pay, circumstances have changed sufficiently to warrant that insurance coverage of the wife no longer be required.
The demand for a reduction in defendant's visitation privileges is based on the allegation that she is "poisoning" their son's mind against plaintiff. There is little or no evidence to support the allegation and this demand was properly rejected.
The demand by the plaintiff-father for delivery of possession of a shotgun allegedly belonging to his major son is not properly before the court in this proceeding ancillary to a divorce proceeding. Plaintiff's demand in this regard was properly rejected.
For the reasons assigned, the judgment of the district court rejecting plaintiff's demands is affirmed in all respects, except that it is modified to grant judgment in favor of plaintiff against defendant, amending the original alimony judgment of April 6, 1976, to eliminate the requirement that plaintiff be required to maintain hospitalization insurance for the benefit of defendant. Costs of appeal are assessed to the plaintiff.